WESTERN UNION TELEGRAPH COMPANY *v.* HANLEY.

Opinion delivered February 3, 1908.

1. TELEGRAPH COMPANY—NEGLIGENCE IN TRANSMISSION OF MESSAGE—DAMAGES.—Evidence showing that, on account of defendant's negligent failure to send a telegram, plaintiff was compelled to remain at a railway station in the night for three-quarters of an hour, that during such wait she suffered from the cold, and as a result thereof was sick for several days, was sufficient to show that she suffered a physical injury on account of defendant's negligence. (Page 266.)

2. SAME—NOTICE OF SPECIAL DAMAGES.—Where plaintiff notified the telegraph company's transmitting operator that, unless her telegram was delivered that night, she would be greatly inconvenienced on reaching her destination, the company was put on notice of the injury which might result from a negligent failure to transmit the telegram. (Page 267.)

3. SAME—WHEN MENTAL DAMAGES RECOVERABLE.—A sender of a telegram is entitled to recover for mental suffering where, on account of the negligence of defendant's agent, she was compelled to suffer delay at midnight in a deserted railway station, away from her friends and relatives. (Page 267.)

4. SAME—CONFLICT OF LAWS.—A recovery in this State from a telegraph company of damages for mental anguish for a negligent failure to deliver a telegram is sustainable, though the telegram was sent from an adjoining State to a point in another State, if both such States allow the recovery of mental damages in such cases. (Page 268.)

5. DEPOSITION—RIGHT TO READ.—Where a deposition was taken by agreement of both parties that it should be read at the trial, it may be read at the trial by either of them. (Page 268.)

6. TRIAL—ORDER OF PROOF.—Where defendant closed its testimony without reading a deposition which it had taken upon an agreement that it should be read, it was not an abuse of discretion to permit plaintiff to read such deposition, as plaintiff had a right to assume that defendant would read the deposition. (Page 268.)

Appeal from Izard Circuit Court; *John W. Meeks,* Judge; affirmed.

Plaintiff instituted this action in the circuit court of Izard County to recover damages alleged to have been sustained by her on account of appellant's negligent failure to transmit and deliver a telegram sent by her from Memphis, Tenn., to Mayfield, Ky. The circumstances under which the telegram was sent were as follows:

Plaintiff resided in Arkansas, but was *en route* to Mayfield, Ky., for the purpose of visiting her niece, who resided at that place, and whose husband was a member· of the firm of ·Gardner & . Green, of that place. . She arrived at Memphis, Tenn., about 8 o'clock in the evening of November 14, 1905., and, desiring to send a message acquainting her relatives of her arrival, she asked the telegraph operator if he could get through· a message to Mayfield by 9 o'clock, and he replied in the affirmative. She explained· to him, so she testifies, that, unless he ,was sure that the message could be got. through by 9 o'clock, she would not send it, but would remain in Memphis until the next day, as she knew that the hack accommodations at Mayfield were poor, and she did not want to get there in the night time without some one to meet her. Upon assurances from the operator that the message would be rushed through in time for delivery before the hour named above, she filed' the following message with the defendant's operator:

"Gardner & Green, Mayfield, Ky.
- "Will arrive on number four tonight.
                                (Signed)    "Willie Hanley."

The message was not delivered to the addressee until sometime during the next day after plaintiff's arrival at her destination. She reached Mayfield about one o'clock in the night, and no one was there to meet her. The public hack was full, and she could not secure a seat therein, but had to remain at the depot about three-quarters of an hour awaiting the return of the hack. She testifies that it was a very cold night, with sleet and snow on the ground, and that there was· very little fire in the railroad station, where she was compelled to wait. She testified that she suffered very much from the cold; that her shoes froze to her feet, having got wet in Memphis; and that,

as a result of said exposure, she was sick with fever and cold for two or three days after her arrival at Mayfield. She also testified that she suffered some "uneasiness of mind," as she expressed it, on account of having to wait in the depot at night during the period of the delay in waiting for the return of the hack.

Evidence introduced on behalf of the defendant tended to show that the delay was on account of the fact that, according to the rules of the office at Mayfield, that office was closed before the message could be sent. The operator at Memphis who received the message testified that he informed her at the time she gave him the message that it was doubtful whether it could be transmitted to Mayfield that night. The operator at Mayfield testified that he was at the office until nine o'clock, and just before closing the office he inquired of the Memphis office whether or not they had any message for his office.

The jury returned a verdict in favor of the plaintiff for the sum of $200 damages, and the defendant, after its motion for new trial was overruled, appealed to this court.

*George H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Damages for mental anguish are awarded only in cases of sickness and death, and not for trivial annoyances. 104 S. W. 154; 70 Tex. 243; 46 N. E. 358; 54 N. E. 776; 44 So. 382; 90 S. W. 856; 70 S. W. 162.

2. It is well settled that there can be no recovery for physical suffering, such as is claimed here, because that is not in contemplation of the parties. 76 Tex. 619; 73 Fed. 273; 55 S. E. 318; 46 N. E. 358; 61 S. W. 421; 81 S. W. 580; 7 S. W. 715; 68 S. W. 549.

3. There was nothing in the telegram nor in plaintiff's communication with the operator at Memphis to put the company on notice that damage would result from non-delivery. 79 Ark. 33.

4. Plaintiff was under the duty, when exposed to injury by the negligence of another, to use reasonable diligence to avoid such injury. 80 Ark. 321.

5. It was error to permit appellee over appellant's objec-

tion to read the deposition of the witness Howard, which had been taken by appellant, whereby, in effect, appellant was deprived of the right of cross-examination. 15 Ark. 345.

*McCaleb & Reeder,* for appellee.

1. Appellant is in error in saying that damages for mental anguish can be allowed against telegraph companies only in cases of sickness and death. This case is not only not a frivolous case, but it falls within the rule allowing recovery for mental anguish. 100 S. W. 292; 136 N. C. 489; 1 Am. & Eng. Ann. Cases, 358; *Id.* 346; Kirby's Digest, § 7947.

2. That one may recover for physical suffering under the circumstances of this case is clearly established. 9 L. R. A. 670; 2 Thompson on Negligence, § § 2479, and note 2480. Shearman & Redfield on Negligence, § § 560, 605; 50 N. W. 1034.

3. The notice to the company, both from its face and from plaintiff's conversation with the operator, was sufficient. 65 L. R. A. 666; 1 Am. & Eng. Ann. Cases, 349; *Id.* 358; 100 S. W. 292.

4. The contention of appellant that it was appellee's duty to exercise reasonable diligence to avoid the injury has no place here. The question was not raised below; and, if it had been, it was a question for the jury.

5. It was competent for appellee to introduce the deposition of the witness Howard. It shows on its face that it was taken by agreement of counsel and on interrogatories and cross-interrogatories. It was the property of both parties. 15 Ark. 345; 85 Ill. 284; 43 Ia. 380; 69 Md. 499; 3 Thomp. & C. 269; 3 W. Va. 574; 56 Ala. 411; 4 Bibb (Ky.), 480; 10 S. W. 556; 40 Tex. 124.

McCULLOCH, J., (after stating the facts.) It is contended on behalf of appellant, upon authority particularly of the case of *Western Union Tel. Co.* v. *Shenep,* 83 Ark. 476, that the facts in this case do not warrant the recovery of damages. We find nothing, however, in that case which necessarily precludes a recovery upon the facts presented in this. The evidence clearly shows that the plaintiff sustained a distinct physical injury on account of the negligent failure to deliver the message,

and that appellant's agent received positive information sufficient to put him on notice that such injury might result from the non-delivery of the telegram. While the message itself might not be deemed sufficient on its face to have apprised appellant of the injury which might result, yet the information actually conveyed to the operator at the time was sufficient for this purpose.

Nor was there any error in submitting to the jury the question of mental suffering, as there was some evidence of that character of injury. In the Shenep case, *supra,* the court said that "anguish over imaginary situations, worry and anxiety over business matters, inconvenience and annoyance over the ordinary affairs of life, do not amount to mental anguish as a recoverable element of damage. Such element is limited to social and personal matters, as contradistinguished from business transactions, and contemplates suffering in mind over the real ills, sorrows and griefs of life, and such suffering as would reasonably be contemplated to flow from the failure to acquaint the person with the tidings sought to be conveyed." In that case the alleged mental anguish for which the court held there could be no recovery was over an imaginary situation, or worry concerning the possibility of the loss of employment—an emergency which really did not arise. In the case at bar, however, the plaintiff, on account of the negligence of appellant's agent, was compelled to suffer delay at midnight in a deserted railway station, away from her friends and relatives. She said that she suffered "uneasiness of mind," and it is reasonable that she should have done so under those circumstances. Authorities are not wanting which sustain recovery for mental anguish under such circumstances. *Postal Tel. Cable Co.* v. *Terrell,* (Ky.), 100 S. W. 292; *Green* v. *W. U. Tel. Co.,* 136 N. C. 489; *Barnes* v. *W. U. Tel. Co.,* 27 Nev. 438.

Appellee's language employed in describing her mental injury does not convey to the mind an impression that the suffering was either acute or very extensive in its character; still it conveys the idea of mental suffering, and was sufficient to go to the jury, together with the other facts and attending circumstances, as tending to show a recoverable injury, under the mental anguish doctrine. Certainly, it is not unreasonable to

conclude that, in the situation in which she was placed by appellant's negligence, she endured considerable anxiety and mental suffering. There are some authorities which hold that the mental anguish doctrine must be limited to instances of sickness or death; but there is a conflict in the authorities on this point, and those cited herein fully sustain the contrary view, which we think is more in accord with sound reason. This court in the Shenep case, *supra,* lays down the rule limiting recovery only to "social and personal matters, as contradistinguished . from business matters."

The alleged negligent act did not occur in this State, nor was the message sent to or from a point within this State. Therefore, our statute has no application. But the rule allowing mental anguish for negligent failure to deliver a telegram has been sustained by the courts of both Tennessee and Kentucky. Therefore, there can be a recovery here for a message sent from one of these States to the other. *Western Union Tel. Co.* v. *Woodard,* 84 Ark. 323. We think that the proof in this case of physical and mental suffering was sufficient to warrant a verdict for the amount of damages allowed by the jury.

Error of the court is also alleged in allowing appellee, over appellant's objection, to read to the jury the deposition of a witness taken in the State of Kentucky at the instance of the appellant, but which its counsel declined to introduce. This court in *Sexton* v. *Brock,* 15 Ark. 345, laid down the rule that a party to an action had no right to read to the jury a deposition taken by its adversary. The court, however, in that case said: "Of course, where depositions are taken pursuant to any agreement or · understanding, of which the court will take notice, that they are to be read at the trial, they become the property of both parties, so that either party may read them, if taken for their joint benefit, or compel his adversary to do so, if taken in his behalf."

The record in this case discloses the fact that the deposition of this witness was taken by agreement of the parties. It therefore, under the rule laid down by this court in *Sexton* v. *Brock, supra,* became the property of both parties, and either party had the right to read it to the jury. The plaintiff, during the introduction in chief of her testimony, had a right to assume that

the defendant would read the deposition which it had caused to be taken; and, after the defendant failed to do so, it was not an abuse of the court's discretion to allow the plaintiff to read the deposition after the defendant had concluded the introduction of testimony.

No prejudicial error is found in the record, and the judgment is affirmed.