ONG CHAIR COMPANY *v.* COOK.

Opinion delivered February 24, 1908.

1.  DEPOSITIONS—RIGHT TO READ.—A party has no right to read a deposition of his adversary which, though filed and published, the latter never offered in evidence, where there was no agreement that it should be read in evidence.  (Page 393.)

2.  INSTRUCTIONS—RELEVANCY.—It was not error for the court to refuse to give an instruction which was not based upon evidence.  (Page 394.)

3.  MASTER AND SERVANT—NEGLIGENCE—DEFECTIVE MACHINERY.—Evidence tending to prove that an employer directed an employee to operate a machine having a latent defect of which such employee had no notice was sufficient to sustain a finding that the master was negligent.  (Page 394.)

4.  DAMAGES FOR PERSONAL INJURY—EXCESSIVENESS.—A verdict of $1,500 as damages for a personal injury will not be set aside as excessive where plaintiff proved that his little finger was cut, that his thumb and the palm of his hand were taken out, and that he suffered great agony.  (Page 395.)

Appeal from Pulaski Circuit Court; *Edward D. Winfield,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee was injured while in the employ of appellant at its chair factory.  The injury occurred while he was operating a machine called a "joiner and rip-saw."  The complaint alleged that the machinery was defective, and that that fact was the cause of the injury.  A judgment of $1,500 was recovered, and an appeal has been taken to this court.

The assignments of error sufficiently appear in the opinion.

Appellee testified that he was told not to attempt to adjust the machine or to set the bed plates, and that he did not attempt to do so.  That, on the afternoon previous to the injury,

he noticed that the chair seats jumped up and down as he ran them over the bed plates of the machine. That he told the superintendent he thought the machine was out of order. That the superintendent told him to go ahead and finish the day, and that he would have it fixed that night after the mill shut down. This was about half an hour before quitting time. The next morning he asked the superintendent if the machine was all right. He replied, "Yes; go ahead and get out those stool seats as soon as you can." That he had run three, four or five seats over the joiner and bed plates when the injury occurred, and had been working five or ten minutes. That the knives cut in the wood so deep that he did not have strength enough to keep the knives off his hand, and this caused the injury. On cross-examination, when asked in what respect the machine was out of repair when he made his complaint to the superintendent on the afternoon previous to the injury, he answered that the knives were dull and gapped.

Witnesses for the appellee testified that they examined the machine immediately after the injury occurred, and that the back bed plate was nearly an inch lower than the front one. That a proper adjustment was to have them level. That there was a lug broken off, which had been gone six months, and one bolt broken. That the bolt was used to adjust the bed plate, and that the lugs supported it. That there was a piece of wire on the two lugs that the bolt went through, and that the wire had been put on where the bolt was broken off.

The appellant adduced testimony tending to show that the machine was in good repair at the time the injury occurred, and the superintendent of appellant testified that appellee was reckless in handling the machine, and that he had warned him that it was a dangerous machine. He denied that appellee told him that he thought the machine was out of order.

All the witnesses agree that there was but one way to operate the machine, and that, when properly adjusted, the knives could not slip or bite into the wood.

*Whipple & Whipple,* for appellant.

1. The verdict is not supported by sufficient evidence. The jury has no right arbitrarily to ignore or disregard the testimony

of credible witnesses which is in itself responsible and not contradicted.   67 Ark. 514.

2.   The master is not an insurer of the servant's safety, and is held only to ordinary care in providing a safe place and safe appliances in which, and with which, the servant is to work.   35 Ark. 602; 44 Ark. 524; 48 Ark. 333; 59 Ark. 98; *Id.* 465; 80 Ark. 260; 96 S. W. 116; 46 Ark. 567; 194 U. S. 346; 179 U. S. 664.   One who voluntarily engages in the service of another assumes all the risks ordinarily incident to that service. 77 Ark. 290; *Id.* 367; 54 Ark. 289.   A servant may rely on the promise of the master to repair defects only so long as is reasonably necessary to make the repairs; thereafter, if he continues in the work, he assumes the additional risk.   170 Ill. 200; 40 L. R. A. 781 and note; 114 Ind. 20.   And the master's promise to repair does not relieve the servant of the duty to use reasonable care for his own safety; and if, by his own negligence in using the defective implement or appliance, he brings injury upon himself, he cannot recover.   57 Minn. 303; 66 Ark. 237.   If he knows of the defect, he is held to greater care. 138 Ind. 290.   See also 126 Fed. 141.

3.   The court erred in denying appellant's motion to require appellee to produce the deposition of W. J. Stewart.   Appellant assumed, as was its right, that the statute would be obeyed, and that the notary would send the depositions under seal to the clerk of the circuit court, instead of turning over all the depositions taken at that time, to appellee's attorney. Kirby's Digest, § 3186.   It was a document in his possession relating to the merits of the suit.   *Id.* § 3070.   He should have been compelled to turn it over to its lawful custodian, the clerk. The doctrine that a deposition taken at the instance of one party may, as a rule, be offered in evidence by his adversary, notwithstanding the objection of the party at whose instance it was taken, is in accord with the weight of authority.   The contrary doctrine established in 15 Ark. 345 should be overruled. 9 Am. & Eng. Enc. of L., title "Depositions," and cases cited; Weeks on Law of Depositions, § 466, and cases cited.

4.   The 3d instruction asked by appellant should have been given.   De Leon & Moon, Law of Liability, 119; 23 Ohio C. C. 85; 108 Wis. 57; 93 S. W. 741.

5. The verdict is excessive. The testimony is that after the first few days there could not be much pain; that the skin was the principal part that was wounded, and that no muscles nor leaders were cut.

*T. G. Malloy* and *Geo. W. Williams,* for appellee.

1. All the witnesses agree that if the back bed plate had been properly adjusted the knives could not dip or bite into the wood; consequently the accident could not 'have happened. This was a dangerous condition under which to operate the machine, which appellee either did not know, or did not appreciate. 53 Ark. 458.

2. The 3d instruction asked by appellant was fully covered by other instructions given. There was no error in refusing it. 77 Ark. 367.

3. There was no error in refusing to compel appellee to produce the deposition of Stewart. Both sides had given notice to take depositions at the same time and place, each for himself, and they were taken at the same office and before the same notary. This was one of the depositions taken for appellee. He had the right to decline to introduce it, under the long established rule approved by this court. 15 Ark. 345. There was nothing in the deposition that was not merely cumulative, and its exclusion, if offered, would not be reversible. 60 Ark. 481. At most the appellant had only a right of continuance, and that was offered it. Appellant took the chance of a trial, rather than take the continuance, and cannot now complain. 57 Ark. 60; 55 Ark. 567; 72 Ark. 140.

4. The verdict was not excessive. The plaintiff was before the jury, and exhibited his wounds, and they were the judges of the extent of his injuries, under the evidence.

HART, J., (after stating the facts). Appellant asks for a reversal of this case on the ground of surprise, arising from the failure of appellee to file or produce in evidence the deposition of W. J. Stewart, or to permit the appellant to do so. 'This deposition was taken by appellee upon notice to appellant, and there was no agreement that it should be read in evidence. One party has no right to read the deposition of his adversary which, though filed and published, he had never offered in evidence.

*Sexton* v. *Brock*, 15 Ark. 345. Whatever may be the rule in other States, this has been the settled practice of the law courts of this State for fifty years, and no useful purpose can be served by changing the rule. The rule is otherwise where the depositions are taken by agreement; then they become the property of either party, upon application to be read in evidence, etc. *Western Union Telegraph Company* v. *Hanley*, *ante* p. 263. In this case the court refused to allow appellant to read in evidence to the jury the deposition of Stewart, but offered to grant it a continuance in order that it might take his testimony, but appellant declined the offer. There was no error in the action of the court.

Appellant contends that there was error in the refusal of the court to give instruction No. 3, asked by it. The instruction is as follows:

"If you find that plaintiff chose a dangerous way of doing his work, when a safer one was open to him, a presumption arises against plaintiff that he was negligent in so performing his work; and, unless you find from the preponderance of the evidence that plaintiff was not negligent in thus choosing the more dangerous way, you must find for defendant."

The testimony shows that there was only one safe way for the servant to perform the work. Hence there was no testimony upon which to base such an instruction. The refusal of the court to give an abstract instruction works no prejudice against the party asking it, and there is no error in refusing it. *Fordyce* v. *Key,* 74 Ark. 19; *Frank* v. *Dungan,* 76 Ark. 599. Instructions are not intended to settle abstract questions of law, but to guide juries with reference to the evidence in the case, and therefore should not be foreign to the issue in the case, nor inapplicable to the evidence. *Terry* v. *Clark,* 77 Ark. 567.

Appellant contends that the verdict is not sustained by sufficient evidence. There is evidence that the lugs of the machine were fastened with wire, instead of a bolt. The use of the bolt was to adjust the bed plates of the machine. The proper adjustment of the machine required the bed plates to be level with each other. The lowering of one of them made the machine dangerous to operate. An examination of the machine immediately after the accident showed that the back bed plate was

an inch lower than the front one. Unless this was done by appellee in attempting to set the bed plates (and he testifies that he did not do so), this lowering of the bed plate was caused by the wire which fastened the lugs together, and which took the place of the bolt in adjusting the bed plates, giving way and permitting the back bed plate to be lowered. Appellant knew that appellee was not skilled in the use of the machine and had little knowledge of its construction, for he had told the superintendent that he thought the machine was out of repair, because the chair seats jumped up and down when he shoved them over the bed plates. When asked, on cross-examination, what caused this, he said he did not know, but supposed it was caused by the knives being dull and gapped. Appellant's superintendent had warned him not to interfere with the adjustment, and had told him that morning that the machine had been adjusted and was safe to operate.

Appellant was negligent in directing appellee to operate a machine that was dangerous when not properly adjusted, and whose adjustment was made and held with a piece of wire, instead of an iron bolt designed for that purpose. The defect was not obvious; for the defective piece was out of sight except by close inspection, and appellee's ignorance of the construction of the machine would probably not have disclosed to him the danger of operating it in that condition had he made a close inspection. *Fordyce* v. *Edwards*, 60 Ark. 442; *King-Ryder Lumber Co.* v. *Cochran,* 71 Ark. 55. True, the testimony adduced by appellee was contradicted by that on the part of appellant; but the weight of the testimony was a question for the jury, and the doctrine of contributory negligence and assumption of risk was submitted to the jury under appropriate instruction given at the request of appellant.

Appellant also complains that the verdict was excessive. Appellee testified that his little finger was cut, and that his thumb and the palm of his hand were taken out; that he suffered great agony, and that his hand is still disfigured, and pains him at times. Dr. Christian testified that he was inconvenienced permanently in the use of his hand. Appellant required him to exhibit his hand to the jury, and no doubt, under all the circumstances, the jury are the better judges of that question.

Finding no prejudicial error in the record, the judgment is affirmed.