## WALLACE *v.* STRICKLER.

### Opinion delivered May 9, 1910.

1. APPEAL AND ERROR—FAILURE TO ABSTRACT INSTRUCTIONS.—Where the appellant fails to set out in his abstract the instructions which were given by the trial court, the refusal of the court to give instructions asked by him will not be considered, as it will be presumed that the court correctly instructed the jury. (Page 110.)

2. SAME—PRESUMPTION WHERE INSTRUCTIONS ARE NOT ABSTRACTED.—Where only a part of the court's instructions are set forth in appellant's abstract, it will be presumed that the instructions which were given and are objected to were cured by others which were given, unless those set out were so radically defective that they could not be corrected by others. (Page 110.)

3. INSTRUCTIONS—CONFLICT—IGNORING ISSUE.—An instruction which ignores a material issue about which the evidence is conflicting, and allows the jury to find a verdict without considering that issue, is misleading and prejudicial, even though another instruction which correctly presents that issue is found in other parts of the charge. (Page 111.)

Appeal from Woodruff Circuit Court, Southern District; *Hance N. Hutton,* Judge; reversed.

### STATEMENT BY THE COURT.

I. N. Strickler brought this suit against W. W. Wallace to recover the sum of $320 alleged to be due him for services rendered in procuring a sale of certain lands.

The undisputed facts are that Mrs. M. L. Anderson owned certain lands in St. Francis County, Arkansas, and gave to one George H. Poston an option to sell said lands, which expired on May 12, 1909. Poston sold his option to the defendant, W. W. Wallace. On May 1, 1909, Poston and the plaintiff, I. N. Strickler, went to the office of Wallace at Hunter, Arkansas, and entered into a conversation with him in regard to the sale of the land. The testimony as to what occurred there and afterwards in regard to the land is conflicting. The testimony on the part of the plaintiff was to the effect that the defendant represented to them that he was the owner of the land, and that

he made a contract with them to sell the land for him, and that there was no time limit to the contract. That about the first of May they procured purchasers for the lands, who paid a part of the purchase money and agreed in writing to pay the balance on the 19th day of May, 1909. That on the latter date the pur- chasers came to the town of Hunter to complete the sale. That the balance of the purchase price was offered to, and a deed to the lands demanded from, the defendant. That defendant de- clined to make the sale. Subsequently, on the same day, defend- ant sold the lands to the same parties, and on the same terms as had been agreed upon between them and the plaintiff. He de- clined to pay the plaintiff any commissions for procuring the sale.

The testimony on the part of the defendant was that he did not enter into any contract with Strickler in his office on the said 1st day of May, but that his contract was with Poston. That he never told them that he was the owner of the land, but on the other hand represented that he had an option on the land that would expire on the 12th day of May, 1909, and that, if the sale of the land was made, it would have to be closed by that time.

There was a jury trial, which resulted in a verdict for the plaintiff. From the judgment rendered, the defendant has ap- pealed to this court.

*G. Otis Bogle* and *Thomas & Lee,* for appellant.

When it is stipulated that the sale should be made within a specified time, the broker is not entitled to commission unless he procures a purchaser within that time. 83 Ark. 202; 75 Cal. 509; 17 Pac. 642; 71 Cal. 226; 16 Pac. 722; 100 Cal. 648; 106 Mo. App. 517; 81 S. W. 209; 83 Hun 116; 31 N. Y. S. 392; 11 Tex. Civ. App. 461; 35 Ill. App. 617; 34 Kan. 576; 71 Mo. App. 525; 48 How. Pr. 508.

*Harry M. Woods,* for appellee.

Appellant having failed to set out in his abstract all the instructions given, it will be presumed that the jury were prop- erly instructed. 75 Ark. 347; 90 Ark. 230; 88 Ark. 449; 85 Ark. 123; 75 Ark. 571. A broker is entitled to his commission when he procures a purchaser who is willing and able to buy on the terms named. 87 Ark. 506; 44 L. R. A. 593; 53 Ark. 49; 76 Ark. 375; 89 Ark. 195.

HART, J., (after stating the facts). Counsel for the defendant urge upon us that the judgment should be reversed because the court refused certain instructions asked by them, but, as insisted by counsel for plaintiff, they are in no attitude to complain of this for the reason that they have not seen fit to abstract the instructions given by the court. In such case the presumption is that the court correctly instructed the jury, and that all of defendant's instructions which should have been given were covered by those given. *Carpenter* v. *Hammer*, 75 Ark. 347; *Files* v. *Law*, 88 Ark. 449; *St. Louis, I. M. & S. Ry. Co.* v. *Boyles*, 78 Ark. 374.

The court also refused to give instruction No 4 as asked by the defendant, but gave it over the objection of the defendant in the modified form as follows, towit: "You are instructed that if you believe from the evidence that the plaintiff was to sell the land on or before the 12th day of May, 1909, and he failed to do so, then he can not recover from the defendant in this action." By the court orally: "In connection with the foregoing instruction, I give you further instruction. If you find from the evidence that Strickler undertook to sell this land, and had procured a purchaser for the land at the price named, and the purchaser agreed to take the land at the price fixed within the time agreed upon, it was immaterial as to when the deed was executed or the money paid, although not completed by Strickler. If Mr. Wallace completed the sale afterwards on the same terms that Mr. Strickler procured it, it would have been a ratification of the trade of Strickler, and he would have a right to receive his part of the commission."

In such cases the rule is, "since the appellant has not abstracted the other instructions that were given on behalf of appellee and those that were given on his own behalf, we must assume that the instructions given, in the particulars of which appellant. complains, were cured by others, unless the instructions as given were so radically defective that they could not be corrected by others." *Dobbins* v. *Little Rock Ry & Elec. Co.*, 79 Ark. 85; *Bourland* v. *McKnight*, 79 Ark. 427; *Jacks* v. *Reeves*, 78 Ark. 428. Defendant's contention was that Poston and the plaintiff, under the terms of the contract with him, must have made the sale and received the purchase money before the 12th

day of May, 1909, in order to be entitled to commissions. His theory of the case was entirely ignored by the court in the above instruction.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564, the court reviewed our previous decisions on the question of conflicting instructions, and said: "It has been decided by this court in an unbroken line of cases that an instruction which ignores a material issue in the case about which the evidence is conflicting, and allows the jury to find a verdict without considering that issue, is misleading and prejudicial, even though another instruction which correctly presents that issue is found in other parts of the charge. Where the instructions are thus conflicting, it is impossible for an appellate court to tell which of them the jury followed, and such an error calls for a reversal. Separate and disconnected instructions, each complete in itself and irreconcilable with each other, cannot be read together so as to modify each other and present a harmonious whole." It is manifest that the instruction as given, having entirely ignored defendant's theory of the case, could not have been cured by any other instruction which the court might have given.

Therefore, for the error in giving the fourth instruction as indicated in the opinion, the judgment must be reversed, and the cause remanded for a new trial.