GREENVILLE STONE & GRAVEL COMPANY *v.* CHANEY.

Opinion delivered May 7, 1917.

1.  MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—ASSUMPTION OF RISK.—Plaintiff, an employee of defendant company, was injured by the falling of a screen at which he was working. *Held,* under the evidence that it was a question for the jury to determine whether the defendant was negligent, and whether plaintiff assumed the risk of the injury.

2.  EVIDENCE—DEPOSITIONS TAKEN BY AGREEMENT—WHO MAY READ.— It is only where depositions are taken pursuant to agreement that they are to be read at the trial, that they become the property of both parties, so that either party may read them, if taken for their joint benefit, or compel his adversary to do so if taken in his behalf.

3.  EVIDENCE—DEPOSITION TAKEN PURSUANT TO NOTICE—RIGHT OF ADVERSARY TO READ.—Where a deposition is taken pursuant to notice, there being no agreement that it be read in evidence, the adverse party has no right to read the same to the jury, it not having been offered by the party in whose behalf it was taken.

4.  APPEAL AND ERROR—FAILURE TO ABSTRACT ALL INSTRUCTIONS.— The refusal of the trial court to give certain requested instructions will not be considered on appeal, when the appellant failed to abstract all the instructions given by the court.

5.  APPEAL AND ERROR—ABSTRACT OF INSTRUCTIONS.—Instructions should always be set forth in full, and a failure to do so invokes the

presumption that correct instructions were given covering those complained of, if they are curable.

6.  MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISK.—It is the duty of the master to exercise ordinary care in providing his servant with a safe place in which to work, and the servant assumes the risk ordinarily incident to his employment, although he does not assume any arising from the negligence of the master in failing to discharge its duty toward him.

7.  MASTER AND SERVANT—PERSONAL INJURY—ASSUMED RISK.—If a servant continues at work after he discovers defective conditions in his place of work, he assumes the risk of his continued service.

8.  MASTER AND SERVANT—INJURY TO SERVANT—ASSUMED RISK.—It is error to tell the jury that a servant assumes the risk of a defective appliance, if by the exercise of ordinary care, he could have discovered the defective condition of his place of work.

Appeal from Sharp Circuit Court, Northern District; *J. B. Baker,* Judge; reversed.

*David L. King,* for appellant.

1.  The demurrer should have been sustained. No negligence was alleged or proved. The complaint is defective in failing to charge that plaintiff was injured while engaged in the performance of duties he was employed to perform. Am. & Eng. Ann. Cases, 1912 B 366; 41 Wash. 83; 82 Pac. 1037; 2 L. R. A. (N. S.) 840; 186 Mass. 99; 70 N. E. 1008, etc. He assumed the ordinary risks of employment. 41 Wash. 83; 82 Pac. 1037; 2 L. R. A. (N. S.) 84 and note.

2.  There is error in the instructions. They were not based upon the allegations in the complaint nor the testimony. They are contradictory and are not the law. 93 Ark. 489; 122 *Id.* 33; 82 *Id.* 11; 122 *Id.* 401; 120 *Id.* 61; 116 *Id.* 56. The contributory negligence of plaintiff was a defense. A. & E. Ann. Cases, 1913 B 843; 93 Ark. 489, 571. He assumes the ordinary risks and is bound to take notice of ordinary operations, laws of gravity, etc. 85 Neb. 45; 20 A. & E. Ann. Cas. 248, etc. The danger was obvious. 100 Ark. 164; 93 *Id.* 140; 76 Atl. 867; 116 Ark. 56; 56 *Id.* 232; 104 *Id.* 489; A. & E. Ann Cas. 1912 B 685.

3.  It was error to refuse to postpone the trial to the next term of court.

4. It was error to permit plaintiff's attorney to read the deposition of Shaw. 15 Ark. 345; 85 *Id.* 268.

5. The evidence does not support the verdict. Plaintiff's own testimony shows negligence and carelessness. 93 Ark. 489; 82 *Id.* 11; 122 *Id.* 401; 120 *Id.* 61; 116 *Id.* 56; 93 *Id.* 571; 56 *Id.* 232; A. & E. Ann. Cases, 1912 B 685.

The appellee *pro se.*

1. The demurrer was properly overruled. The complaint clearly and correctly stated a cause of action. It is not necessary to negative assumed risk or contributory negligence. 98 Ark. 211; 76 *Id.* 525; 52 Ark. Law Rep. 466; 107 Ark. 422; 101 *Id.* 352; 93 *Id.* 373; 122 *Id.* 508; 102 *Id.* 287; 110 *Id.* 130.

2. There is no error in the instructions; they state the law. 122 Ark. 227; 77 *Id.* 374; *Ib.* 458; 89 *Id.* 424; 92 *Id.* 102; 95 *Id.* 291; 107 *Id.* 512. But nowhere did appellant ask the court to give other instructions correcting any supposed errors. 123 Ark. 119; 98 *Id.* 211; 93 *Id.* 589; 90 *Id.* 108; 83 *Id.* 61.

3. There was no error in refusing a continuance, as it does not comply with the statute. There was no prejudice in reading Shaw's deposition. 26 Ark. 142; 52 *Id.* 180. This court will not reverse for error in admitting cumulative evidence. 20 Ark. 216; 32 *Id.* 337; 56 *Id.* 37. No improper testimony was admitted.

4. The evidence fully sustains the verdict.

HART, J. The Greenville Stone & Gravel Company prosecutes this appeal to reverse a judgment against it for damages in favor of C. Chaney, who was injured while working for said company. The material facts are as follows:

The Greenville Stone & Gravel Company is a corporation engaged in the business of crushing stone at its plant at Williford in Sharp County, Arkansas. C. Chaney was injured while working for it on the 8th day of July, 1914, by a part of the stone crushing machinery

falling on his foot. The rock screen at which Chaney was at work when hurt, is thirty feet long, five feet in diameter and is divided into six sections. The upper end is twenty inches higher than the lower end in order that the crushed stone may run down as the screen rolls over, and fall into the bin below. The screens have holes in them to let the rock through and they are changed according to the size of the stone wanted. The screens were being changed at the time Chaney was hurt. The foreman had directed Chaney and another servant to go on the inside of the screen to catch the bolts when the taps were taken off from the outside. When the loose bolts were taken out, the servants on the inside of the screen always stepped back in the clear. On the occasion in question, Chaney was at work in the south end. When the loose bolts were taken out, one of the laborers said, "Boys, let her go," and the laborers on the inside of the screen stepped in the clear. The section of the screen hung and one of the laborers on the outside took a bar to prize the section loose. The upper end was pried loose first. The workman on the outside with Chaney said, "Boys, you are not doing that right." When they knocked the upper end loose first it swung out and the lower or south end held and formed a pivot or hinge and the weight of the section, which was about 175 pounds, caused it to be hurled down and Chaney was thereby injured. According to the testimony of Chaney and some of his co-laborers this was the result of negligence in taking out the sections. According to their testimony the upper end of the section should not have been pried or knocked loose first but the whole section should have been pried loose so that both the upper and lower parts would drop at the same time. They said that if this had been done, Chaney would not have been hurt; that the section would have fallen down as it usually did and that Chaney was in the clear; that the fact that the upper end was loosened first caused the section to be jerked and to be thrown farther away, thereby fall-

ing on Chaney's foot.  They also testified that no warning was given.

According to the testimony of the defendant company warning was given that the section was about to fall and Chaney had plenty of time to have stepped back out of the way had he chosen to have done so.

(1)  It is earnestly insisted by counsel for the defendant company that Chaney assumed the risk and that the court erred in not directing a verdict in its favor.  As we have just seen from the evidence adduced by Chaney, it was the duty of the company to have knocked or pried the upper and lower ends of the section loose at the same time in order that it would fall straight down.  Chaney was back in the clear where he usually stood and would not have been hurt had the section been pried loose in the usual way.  The section weighed about 175 pounds.  When the upper end was pried loose first and the lower end hung, the upper end swung down and by its weight jerked loose the lower end and the section was thrown farther out than usually was the case and bounced and struck Chaney's foot, severely injuring it.  It fell so quickly Chaney did not have time to get back farther so as to avoid injury.  Under these circumstances it can not be said as a matter of law that Chaney assumed the risk or that the occurrence was such an unexpected one that the defendant company could not have anticipated it and was not therefore guilty of negligence in the manner in which its servants took down the sections.  Under all the circumstances the question of the negligence of the defendant company and the assumption of risk by Chaney were properly for the jury to determine.

(2-3)  The record shows that counsel for the defendant gave notice that it would take the deposition of Raymond Shaw in the State of Oklahoma, to be read as evidence on the part of the defendant.  The deposition was duly taken at the time and in the manner provided in the notice and at the trial of the case, counsel for the plaintiff offered to read the deposition in evidence in be-

half of the plaintiff. Counsel for the defendant objected to the introduction of the deposition and saved his exceptions to the action of the court in permitting the plaintiff to read it to the jury. The action of the court was erroneous. It is only where depositions are taken pursuant to agreement that they are to be read at the trial, that they become the property of both parties so that either party may read them if taken for their joint benefit or compel his adversary to do so if taken in his behalf. *Western Union Telegraph Co.* v. *Hanley,* 85 Ark. 263. The record in this case does not disclose the fact that the deposition of this witness was taken by agreement of the parties to be read on the trial of the case. On the other hand it affirmatively shows that the deposition was taken pursuant to notice, to be read as evidence on the part of the defendant. In *Sexton* v. *Brock,* 15 Ark. 345, this court laid down the rule that a party to an action has no right to read to the jury a deposition taken by his adversary. In the case of *Ong Chair Co.* v. *Cook,* 85 Ark. 390, as in this case the deposition was taken upon notice and there was no agreement that it should be read in evidence. The court said that one party has no right to read the deposition of his adversary which, though filed and published, he had never offered in evidence. The court there recognized that there were authorities to the contrary but said that this had been the settled practice of law courts in this State for fifty years and that the rule would not be changed. Again in the case of *Maryland Casualty Co.* v. *Chew,* 92 Ark. 276, the court adhered to this rule. It follows that the court erred in permitting plaintiff to read this deposition and for that error the judgment must be reversed because the deposition contained matters which were material to a trial of the issue before the jury.

(4) Counsel for the defendant also assigns as error the action of the court in refusing to give certain instructions asked by him. We have not set out these instructions, for we can not consider the alleged error in refusing them. Counsel should have abstracted all of the

instructions given by the court in order that the court might determine whether there was error in refusing to give instructions asked by him. Not having set them out, it will be presumed that the court correctly instructed the jury, and that all of its prayers, which should have been given, were covered in those given. *Carpenter* v. *Hammer,* 75 Ark. 347; *Barnett Bros.* v. *Western Assurance Co.,* 126 Ark. 562; *Keller* v. *Sawyer,* 104 Ark. 375; *Thielman* v. *Reinsch,* 103 Ark. 307; *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61, and *Metropolitan Life Ins. Co.* v. *Shane,* 98 Ark. 132.

(5) It appears that the court gave thirteen instructions to the jury. Error is assigned by counsel for the defendant to the action of the court in giving three of these instructions. None of the instructions given by the court are set out in his abstract except those to which objections are made. The instructions should always be set forth in full, and a failure to do so invokes the presumption that correct instructions were given curing those complained of, if they are curable. *Jacks* v. *Reeves,* 78 Ark. 426; *Dobbins* v. *L. R. Ry. & Elec. Co.,* 79 Ark 85; *Wallace* v. *Strickler,* 95 Ark. 108.

In view of another trial of the case we call attention to instruction number 4 given by the court, although we would not have reversed the judgment on that account for the reason just given. The instruction is one of those objected to by the defendant and reads as follows:

"You are further instructed that since a servant does not assume the risk of a master's negligence, but assumes only the ordinary risks incident to his employment, the fact that the plaintiff, Chaney, could by the exercise of ordinary care, have discovered the method of removing the section of the screen which produced the injury, and avoided the danger, does not constitute an assumption of risk, where it arose, by reason of the negligence of the master or his agent even though the plaintiff, Chaney, may have been guilty of contributory negligence which

would bar his recovery, if there was no negligence on the part of the defendant.''

(6-8)    It is well settled that it is the duty of the master to exercise ordinary care in providing his servant with a safe place in which to work and that the servant assumes the risk ordinarily incident to his employment, although he does not assume any arising from the negligence of the master in failing to discharge its duty toward him. *Wisconsin & Arkansas Lumber Co.* v. *Irons*, 123 Ark. 119. It is equally well settled by that case that if the servant continues at work after he discovers defective conditions in his place of work, that he assumes the risk of his continued service. This is so because he knows the defect, but it is wrong to tell the jury that he assumes the risk of continued service if by the exercise of ordinary care on his part he could have discovered the defective condition of his place of work, for this would require him to inspect it.

It will be readily apparent that the instruction in question is erroneous because it required the plaintiff to exercise ordinary care in discovering the negligence of the company when he is only bound by his knowledge and is not required to look out for defective conditions in the appliances with which he is at work. We call attention to the fact that the instruction in its whole tenor is confusing and misleading.

For the error in permitting the plaintiff to read the deposition of Shaw to the jury, the judgment will be reversed and the cause remanded for a new trial.