O. L. GREGORY VINEGAR COMPANY *v*. NATIONAL FRUIT
CANNING COMPANY.

Opinion delivered February 14, 1927.

1.   DEPOSITIONS—RIGHT TO READ.—Depositions taken on notice by one party cannot be read in evidence by the other party.

2.   DEPOSITIONS—RIGHT TO READ.—Depositions taken by agreement of the parties become the property of both parties, and either had a right to read it in evidence, though the agreement stated that the deposition might be read in evidence in defendant's behalf.

3.   SALES—INSTRUCTION.—In an action for the price of apple juice sold for making vinegar, an instruction to find for plaintiff if

the apple juice at the time of placing same in barrels was reasonably suitable for vinegar making, *held* not error.

4.  TRIAL—CONFLICT IN INSTRUCTIONS.—In an action for the sale price of apple juice sold for making vinegar, an instruction to find for the plaintiff if the juice at the time of its manufacture was reasonably suitable for vinegar making was not in conflict with defendant's instructions that the juice must be suitable for vinegar.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; affirmed.

*James B. McDonough*, for appellant.

*Hill & Fitzhugh*, for appellee.

MEHAFFY, J.  This is the second appeal in this case. The opinion in the case on the former appeal is in the 167 Ark. 435, 258 S. W. 598.

The court, in the former appeal, construed the contract and held that it was one to furnish a commodity for a particular use, and that there was an implied warranty that it was suitable for the particular use for which it was purchased, unless the purchaser actually inspected the method by which the commodity was to be produced or was advised as to such methods and what the contents of the juice would be.  The court also stated that the purchaser of an article to be manufactured is not denied the benefit of an implied warranty merely because he may have had an opportunity to inspect the process of manufacture, but, if the purchaser does in fact inspect, and knows at the time he makes the contract what the article is to be, there is no implied warranty.  The purchaser has the right to assume, when he has no opportunity to inspect the article itself, that it will be manufactured so as to be fit for the use for which it is intended.

The contract stated that the purchase of the apple juice was not for beverage purposes, but for making vinegar; hence, under the ruling of the court in the former appeal, the contract provided for the furnishing of a commodity for that particular use, that is, for vinegar making.

It would serve no useful purpose to set out the testimony at length in this case. It was sufficiently set out when the case was here before.

The appellant's first contention is that the court erred in admitting in evidence the deposition of J. P. Harris. It is contended that the deposition was not taken on any agreement that it might be read by the appellee, and it therefore contends that the appellee could not read the deposition, although it was taken by agreement, because it was agreed that it might be taken and read in evidence on behalf of defendants. Although the agreement stated that the deposition might be read in evidence in behalf of the defendant, it was nevertheless taken by agreement, and the agreement contemplated that the deposition would be read at the trial, and, if it did, then either party could read it. This court has said with reference to the depositions taken by agreement:

"The plaintiff, during the introduction in chief of her testimony, had a right to assume that the defendant would read the deposition which it had caused to be taken; and, after the defendant failed to do so, it was not an abuse of the court's discretion to allow the plaintiff to read the deposition after the defendant had concluded the introduction of testimony." *Western Union Tel. Co.* v. *Hanley,* 85 Ark. 263, 107 S. W. 1168.

Depositions taken upon notice by one party cannot be read in evidence by the other party. There would seem to be no reason for holding that depositions taken by agreement might not be introduced in evidence by either party. Certainly one need not sign an agreement to take depositions unless he has ample opportunity to examine the witness, and unless he is willing that the deposition may be read by the other party. This court has said:

"It is only where depositions are taken pursuant to agreement that they are to be read at the trial, that they become the property of both parties, so that either party may read them, if taken for their joint benefit, or compel

his adversary to do so if taken in his behalf.'' *Greenville Stone & Gravel Co. v. Chaney,* 129 Ark. 95, 195 S. W. 13.

Again: "It is insisted, however, that the evidence of Hannah Norman, to the effect that she paid the purchase price, cannot be considered because her deposition was taken by the plaintiffs, and counsel invokes the rule that a party to an action has no right to read a deposition taken by his adversary. Her deposition was taken pursuant to an agreement between the attorneys for the respective parties, and therefore did not fall within the rule invoked by counsel for the plaintiffs. The deposition, having been taken by agreement, became the property of both parties, and either party had the right to read it to the jury.'' *Shenoy v. Phipps,* 145 Ark. 121, 224 S. W. 393.

The deposition in this case was taken by an agreement of parties, and, under the law as announced by this court in numerous cases, when so taken it became the property of both parties, and either had a right to read it in evidence.

The appellants' next contention is that the court erred in giving instructions. Instruction No. 1, given at the request of plaintiffs, was merely a statement of the issues as stated in the pleadings, and no specific objection was made to it, and there is no discussion of it here by the appellant. No objection is made by appellant to instruction No. 2, except that it is in conflict with other instructions. Defendant only made general objections to the ruling of the court, no specific objections or exceptions having been made when the instructions were given.

It is earnestly insisted that instruction No. 3, requested by the plaintiffs and given by the court, is erroneous, and violates the rule laid down by this court on the former appeal. We do not agree with the counsel in this contention. Certainly the latter part of said instruction, which reads as follows: "And, if you further find that the juice, at the time of its manufacture and the placing of the same in barrels by the plaintiff at Seattle, Washington, was reasonably suitable for vine-

gar making, then your verdict must be for the plaintiff,"
is a correct statement of the law, and the objection to the
instruction made in the court below was a general objec-
tion, and, if the appellant thought at the time that it was
open to the objection now urged by it, it was its duty to
call the trial court's attention to the objection, and this it
did not do.

The same objection is urged to instruction No. 4, to
which the same answer may be made; that is, that the
specific objection should have been called to the atten-
tion of the trial court, and a request there made for a cor-
rection of the instruction or the elimination of the objec-
tionable part of it.  In other words, the objection should
have been made specific.  All of the instructions given at
the request of the plaintiff, we think, substantially comply
with the ruling of the court when this case was here on
former appeal, they were given to understand clearly
that the juice must be such as was reasonably suitable
for making into vingar; that is all that the contract
required.  Moreover, an instruction requested by defend-
ant and given by the court submitted the same issue to
the jury, and we do not think there was any necessary
conflict in the instructions given.  They were told, in
defendant's first instruction, that the plaintiff had obli-
gated itself to sell apple juice pressed from peelings,
core and waste, and that said juice must be suitable for
vinegar making; and also this instruction contained the
statement that, if the juice contained a sufficient quan-
tity of salt, so as to render it unusable for vinegar mak-
ing, then the plaintiff cannot recover.

Appellant's instruction No. 2 also contained a simi-
lar statement.  It would serve no useful purpose to com-
ment on all the instructions given and the instructions
refused by the court.  We have reached the conclusion
that the issues were fairly submitted to the jury and that
the instructions, when considered together, clearly stated
the law as laid down in the former appeal in this case.

When this case was in this court before, all the prin-
ciples of law governing it were announced.  In this case

the instructions given as a whole were at least a substantial compliance with the rulings there announced, and we find no reversible error, and the case is therefore affirmed.