BENTONVILLE ICE & COLD STORAGE COMPANY *v.* ANDERSON.

4-2727

Opinion delivered November 7, 1932.

474

*J. T. McGill,* for appellant.

*Paul L. Anderson,* for appellee.

BUTLER, J. For many years prior to the year 1930 the appellee, plaintiff below, was an orchardist near Centerton, Benton County, Arkansas. The appellant company for several years was operating a cold storage plant in Bentonville, in said county. It had been a custom for orchardists to place apples in the appellant's storage with instructions to sell them at the prevailing market price. During those years the appellee had placed apples in the appellant's storage, and, when they were sold, the appellant had remitted the proceeds of sale, less storage charges. Appellee delivered certain apples to the appellant during the year 1930. Thereafter the appellant sold the apples to one W. M. Zimmerman, a defendant below, on credit. Suit was instituted in the Benton Circuit Court against the appellant and Zimmerman for $309.25, the value of the apples. Upon a trial, judgment was entered in favor of the appellee for said amount, from which the appellant has duly prosecuted its appeal.

The complaint in effect alleged that the apples had been sold to the appellant company. There is no evidence, however, to establish a sale to the appellant, but all of

the evidence is to the effect that the appellant company acted as the agent for the appellee in the sale of his apples. At the close of the testimony, the appellant asked for an instruction directing the jury to return a verdict in its favor. This request was refused by the court, and exceptions saved, but, whether or not the exceptions were saved in the motion for a new trial, we are unable to say, as that motion is not abstracted or referred to in appellant's abstract and brief.

Counsel for the appellee say that in all previous years the appellant had sold the apples of appellee for cash, and that appellee had never authorized the sale to be made in any other manner, and that the apples were sold on a credit to an insolvent person upon an indefinite credit arrangement. The evidence as abstracted does not justify that statement. The appellee testified that he placed his apples with the appellant company with instructions to sell the same, as in previous years, and, when asked upon what terms appellant was authorized to sell the apples, he answered: "The only terms I have recollection of is as I had done before. I simply told them to sell the apples for me if an opportunity might come up for a sale. So far as I know that is the only instruction."

The manager of the appellant company testified that the quality of the apples was not as good—not as good a size as usual; that they were small and would not be a No. 1 apple; that he found a cash buyer for the apples, but the appellee was not willing to accept the price offered. The appellee, in testifying about this matter, stated in effect that the testimony of the manager regarding the cash buyer and his refusal to accept because of the price offered was true. The manager also testified that the appellee's apples remained unsold at about the close of the storage season, and that the company had to sell them; that it was trying to handle the apples to the best advantage for the appellee, and that Zimmerman, the man to whom the apples were finally sold, on a credit basis, was the only buyer that could be found.

The evidence fails to disclose what had been the custom regarding the sale of apples during the time appellee had done business with the appellant, or what was the financial responsibility of Zimmerman, the buyer, known to the appellant or which, in the exercise of ordinary care, it should have known. Neither was there any express direction given the appellant as to how the apples should be sold. In the absence of any proof of custom, or of the express direction of the owner, an agent must be reasonably diligent and exercise reasonable care in the selection of responsible purchasers, and to sell the commodity for its fair value or market price for cash, or upon a reasonable term of credit, and to exercise reasonable diligence in collecting the purchase money when intrusted with the collection, and to promptly account to the owner for all money and property which has come into its hands during, and by virtue of, the agency. *Ark. Fertilizer Co.* v. *Banks,* 95 Ark. 86, 128 S. W. 565. Of course, an agent is bound to make sales in accordance with the express direction of the owner (*Sledge & Norfleet Co.* v. *Mann,* 166 Ark. 358, 266 S. W. 264), and is liable for any damage resulting from a failure to obey the direction of the owner, or for failure to exercise proper care in the absence of such direction. *Houston Rice Co.* v. *Reeves,* 179 Ark. 700, 17 S. W. (2d) 884; *Marks* v. *F. G. Barton Cotton Co.,* 170 Ark. 637, 280 S. W. 674.

We are of the opinion that our cases support the majority rule declared in 25 C. J., paragraph 16, page 350, cited by the appellant, as follows: "That, in the absence of specific instructions to sell only for cash, appellant had implied authority to sell upon a reasonable credit, provided he exercised due care in doing so."

The appellant requested three instructions: the first was for a directed verdict, heretofore referred to; instruction No. 2 was in effect that, in the absence of express direction to sell for cash, appellant was not liable if it sold the apples on a credit and the buyer failed to pay for them; instruction No. 3, as requested, was as follows: "If you find that the plaintiff stored the apples

in question with the defendant, Bentonville Ice & Cold Storage Co., with instructions to sell said apples, and you further find that the apples were sold by the company as agent or broker for plaintiff, you will find for the defendant, Bentonville Ice & Cold Storage Co.''

The court refused the instruction as asked, but qualified it as follows: ''Unless you further find that the broker, Bentonville Ice & Cold Storage Co., sold said apples contrary to the agreement and understanding between it and the plaintiff, Anderson, or that it sold said apples on a credit without authority,'' and gave same as qualified, over the objection of defendant, appellant. There appears to have been no specific request for instructions made by the plaintiff.

On consideration of the authorities, *supra,* we think both instruction No. 2 and No. 3 might have been properly refused, as they overlooked the duty of the agent to use reasonable diligence to find purchasers and exercise reasonable care in the selection of responsible ones, but the qualification of instruction No. 3 was also erroneous because there was no evidence (or at least none abstracted) tending to show that the sale was made contrary to any agreement between the parties, or that it was the understanding that the apples were to be sold for cash.

The judgment must be reversed, and, as it appears from the evidence abstracted that the case might not have been fully developed, the cause is remanded with leave to amend the complaint and take further testimony if appellee is so advised, and for further proceedings in accordance with this opinion.