## CARPENTER *v.* HAMMER.

Opinion delivered May 13, 1905.

1. APPEAL—PRESUMPTION WHERE ABSTRACT IS SILENT.—Where appellant's abstract sets out the instructions which he asked and the court refused to give, and recites that the court gave certain instructions which are not set out, it will be presumed that the court correctly instructed the jury, and that all of appellant's prayers, which should have been given, were covered in those given. (Page 349.)

2. TRIAL—PREJUDICIAL REMARK OF COUNSEL—WHEN CURED.—Where plaintiff's counsel, in cross-examining a witness, mentioned that the venue had been changed in the cause, whatever prejudice there was in the remark was removed by a direction to the jury to disregard it. (Page 349.)

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

*H. A. & J. R. Parker,* for appellants.

Agents cannot act for parties whose interest in the least interferes with that of their principal. Evans, Ag. 212; 39 Mich. 511; 59 N. W. 27; 93 Am. Dec. 718. If the agent acts adversely to his agreement, it amounts to a fraud on the principal. 59 N. Y. 97; 102 N. Y. 505; 11 R. I. 311; 66 Pa. St. 332; 34 Ark. 332. Plaintiff was not entitled to recover the $16, amount of expense bill. 4 Ark. 179; 6 Ark. 51; 5 Ark. 672; 24 Ark. 210; 35 Ark. 156; 21 Ark. 69, 309; 26 Ark. 296; 33 Ark. 150.

*John L. Ingram* and *George C. Lewis,* for appellee.

HILL, C. J. Hammer lived in Illinois, and had some property in Arkansas County in this State, and came with some land seekers on one occasion, and desired to do so again. Carpenter & Farmer were a firm of real estate agents, operating in Arkansas and adjoining counties. A contract was entered into between Hammer and said firm by which it was agreed that Hammer should have a commission of 10 per cent. on all sales of real estate in Arkansas County or the Southern District of Prairie County, which might be made by Carpenter & Farmer, in which Hammer brought them the purchaser, or was instrumental in bringing them the purchaser. Hammer stipulated to work exclusively for Carpenter & Farmer in bringing emigrants to Arkansas County. Hammer came with a friend from Illinois and his friend's brother; the latter was homeseeking, having sold out in South Dakota. These men, named Kilbury, were introduced to Carpenter & Farmer, and the real estate men took them in charge, and drove them to various places in the county they desired to visit, and showed them the country, and incidentally priced farms to them. The Kilburys were vigorously protesting that they did not desire to buy land, but these protestations, probably because they protested overmuch, did not cause the real estate agents to desist from their courtesies.

Kilbury on returning to Dakota decided to move to Arkansas, and wrote to Carpenter & Farmer to rent him a farm. They did so, but could not hold it long enough, and Kilbury reached Arkansas County with his farm stock, horses, cattle and hogs, and had no farm to go to, and was anxious to rent or buy. Carpenter & Farmer effected a purchase of a farm for him from Col. Halliburton for $4,000, and the agents received from Col. Halliburton $200 commission. Hammer brought this suit on the contract for $400 commission. The appellants denied that he brought the purchaser to them, and charged bad faith on Hammer's part, and put in a counterclaim for $16 and another item, which was abandoned.

Hammer recovered judgment for $400.

The appellant has fairly abstracted the testimony, and it appears therefrom that there was sufficient evidence to go to the jury to sustain Hammer's case, and a verdict on it will not be disturbed as without evidence to sustain it.

The appellant complains of the refusal of the court to give ten instructions as asked, and giving one of those with a modification. These instructions are set out in the abstract. The modification complained of was not error. The court gave four instructions, but the appellant has failed to set them out in the abstract; and hence the presumption is that the court correctly instructed the jury, and that all of the appellant's instructions which should have been given were covered in those given. *Koch* v. *Kimberling,* 55 Ark. 547; *Neal* v. *Brandon,* 74 Ark. 320.

Error is alleged in the manner of cross-examination of a witness in mentioning the fact that the venue was changed in the case. It was claimed by the cross-examining counsel that the question was not for the purpose of proving that fact, but was incidental to his effort to prove that the witness was not telling the truth about the matter under inquiry. The court instructed the jury properly, on objection being made, to disregard all the irrelevant matter. There is no reversible error in this. *Scott* v. *State, ante,* p. 142.

The judgment is affirmed.