PEWETT *v.* RICHARDSON. ·

Opinion delivered May 14, 1906.

1. SALE OF CHATTEL—WARRANTY AS TO QUALITY.—The rule that there is no warranty of quality in sales of specific chattels if there was an opportunity for inspection by the buyer has no application where the buyer made only a partial examination upon the seller's representation that the remainder was of the same quality as that examined by the buyer. (Page 67.)

2. APPEAL—ABSTRACT—PRESUMPTION.—Where appellant fails to set out all of the court's instructions in his abstract, it will be presumed that those not set out were correct. (Page 68.)

3. SALE—BREACH OF WARRANTY—REMEDY OF VENDEE.—Where goods were sold with warranty as to quality which was broken, the vendee may retain them and sue for the difference between what he paid and what the goods were worth. (Page 68.)

Appeal from Lawrence Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*H. L. Ponder,* for appellant.

The rule of *caveat emptor* applies, in the absence of fraud, where the purchaser inspects the goods, or where he demands and is afforded an opportunity to inspect and fails to do so. Benj. on Sales, § 851; 4 Camp. 144; 56 Am. Rep. 570. Having examined the peas, and expressed himself as satisfied, and accepted them, it became a completed contract, and plaintiff took the goods, regardless of defects. 21 Iowa, 508; 18 Am. Dec. 323; 122 Pa. St. 7; 14 L. R. A. 157; 10 Am. & Eng. Enc. Law, 91. Receiving and using goods after an opportunity to ascertain whether they conform to the description in the contract constitutes an acceptance which cuts off all right of recovery. 27 L. R. A. 96; 12 L. R. A. 309; 43 Hun, 71; 10 Wall. 383; 110 U. S. 113; 18 Ill. 39. The original contract afforded appellee no opportunity to inspect. When he refused to accept the car and demanded an inspection, the contract was changed, the implied warranty no longer existed. Tiedeman on Sales, § 187; 39 Pa. 88; 91 Wis. 667; 72 Ark. 343. It was his duty to accept or reject upon inspection, and he can not now claim that he bought upon a warranty. Mechem on Sales, 1901 Ed. § 1322; 10 Wall. 383, 19 Law. Ed. 987; 12 Ont. App. 671. Having examined part of the sacks, with opportunity to examine all, this was not a sale by sample, and there was no

warranty, express or implied. 19 Wend. (N. Y.), 159; 32 Am. Dec. 437; 55 Am. Dec. 321.

*J. N. Beakley,* for appellee.

It was for the jury to determine, from the evidence, whether the peas were accepted with the understanding that the remainder of the car was as good as the samples examined. There was evidence on this point, and their finding will not be disturbed. 2 Crawford's Digest, 905-6; 50 Ark. 484; 37 Ark. 165; 51 Ark. 467.

HILL, C. J. Pewett sold Richardson a carload of whippoorwill peas at the price of $1.95 per bushel f. o. b. Hoxie, Arkansas. Bill of lading was attached to draft drawn on Richardson, but Richardson refused to accept the peas without an opportunity of inspection. Pewett agreed to this, and came personally and opened the car, and he and Richardson examined six sacks at different places on the top of the load. There were 211 sacks.

The evidence leaves in doubt whether Richardson examined until he was satisfied, or whether he was satisfied with the sacks opened, and took the car with the understanding that the balance would be as good as those examined. There was evidence tending to prove that the peas were, with the exception of 30 sacks, of a grade known as clay mixed, worth about 45 or 50 cents less than whippoorwill peas; and there was evidence tending to prove this entire car was a good grade of whippoorwills. Richardson demanded a car of whippoorwills in lieu of this one, and was not willing for this car to be sold at Walnut Ridge (his place of business), as he claimed the market there would not stand two cars of peas. There was testimony as to other differences between the parties as to the disposition of this car and replacing another one, which is not material to the case. Richardson paid the draft, and sued for alleged difference in value between whippoorwill peas at $1.95 and the peas in question, and recovered a judgment for $140.

Appellant contends that an implied warranty is waived where there is an inspection, or an opportunity for inspection is demanded and afforded. It is contended that in such cases the maxim *caveat emptor* applies, and there can be no recovery on the implied warranty which goes with the sale of a specific article by name or sample or grade. The appellant asked several instructions, embodying in different form the principles contended for;

the substance of each being that if Richardson examined the peas or obtained an opportunity of examining them, he could not recover ·if they did not come up to the grade purchased. Abstractly, the above contention and said instructions are the law, but there was a disputed question of fact rendering such instructions applicable or inapplicable according to the determination of that question; and that question was submitted to the jury in the following instruction:

"You are instructed that if, at the time plaintiff accepted the peas, he did so with the agreement that the whole lot of peas were of the same kind and quality as those which he had examined at the time, and that [if] in fact the whole lot of peas were not of such kind and quality as those examined, and that [if], within a reasonable time after making such discovery, plaintiff informed the defendant, and made a demand for compensation for such difference in kind and quality, if there was such difference, then there would be no waiver on plaintiff's part."

If, in truth, the car was, as contended, "plated" with a few sacks of whippoorwills on top, of an inferior grade, and Richardson's examination only led to these few sacks of good peas, and he then abandoned· further examination under an agreement or understanding that the remainder of the car was as good as those examined, there is no reason why the parties were not competent and capacitated to make such agreement, nor any reason why it should not be enforced. The finding of the jury under this instruction necessarily means that such an agreement was made; and, while the evidence ·is not as satisfactory as it might be on that point, yet there is evidence from which the jury may have fairly · arrived at this conclusion. This question of fact being in the case, the court was right in refusing instructions which would have necessarily excluded it from the jury. The appellant has only set out the instruction above quoted in his abstract, and, of course, the court must presume that the other instructions properly instructed the jury on all the issues. *Koch* v. *Kimberling,* 55 Ark. 547; *Carpenter* v. *Hammer,* 75 Ark. 347; *St. Louis, I. M. & S. Ry. Co.* v. *Boyles,* 77 Ark. 374.

If Richardson had a warranty which was not waived, he was within his rights in keeping this car and suing for difference in value between what he paid and what the car was worth; and

the other matters presented, about Richardson's demands that this car be not sold on the Walnut Ridge market, and wanting guaranty of delivery of another car of whippoorwills before he would turn back these, were mere negotiations for a new contract, and did not affect this one.

Judgment affirmed.