## COVILL *v.* GERSCHMAY.

### Opinion delivered October 4, 1920.

1. CRIMINAL LAW—JURISDICTION OF MUNICIPAL COURT.—A municipal court, having jurisdiction over all misdemeanors committed in violation of the laws of the State within the limits of the county, had jurisdiction of a prosecution for malicious mischief.

2. MALICIOUS PROSECUTION—EFFECT OF ACQUITTAL.—The mere fact that the defendant in a prosecution for a misdemeanor was found not guilty, or the prosecution against him was dismissed, does not make a *prima facie* case of malice or want of probable cause.

3. APPEAL AND ERROR—INSTRUCTIONS NOT SET OUT IN BRIEF.—Where instructions given by the court were not set out in appellant's brief, it will be presumed that they fully declared the law of the case, and that the court did not err in refusing to give requested instructions.

4. TRIAL—CREDIBILITY OF WITNESSES.—The credibility of the witnesses is a question for the jury.

5. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict for defendant in an action for malicious prosecution can not be reversed as contrary to the evidence, where the evidence tending to support the verdict, when given its highest probative value, does not show, as matter of law, that defendant had no probable cause for instituting the prosecution.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*R. G. Davies,* for appellant.

1. The court erred in its instructions given, erred in refusing one to the effect that the municipal court had no jurisdiction of the offense charged in the warrant of arrest. Commencement of criminal proceedings merely for the purpose of aiding some private interest is an

abuse of the process of the court and conclusive of malice. Blashfield, Inst. to Juries, § 5074, p. 3253.

2. Plaintiff was entitled to a verdict, and the first instruction should have been given because the municipal court had no jurisdiction of a trespass on real estate and no jurisdiction of malicious mischief on real property— probable cause cuts no figure. 38 Ark. 454; 53 *Id.* 131; 71 *Id.* 80.

3. To constitute malicious mischief, it is necessary that the injury be shown to be wanton and reckless injury be done through malice toward the owner of the property injured. This was asked in the fourteenth instruction asked but refused. This was error. 35 Ark. 345; 41 L. R. A. (N. S.).

4. The fourth instruction as given was wrong because the fact that plaintiff was arrested in the manner shown herein and found not guilty throws the burden on defendant to show justification. Plaintiff did not have a fair trial; defendant's testimony is unworthy of belief. Plaintiff proved clearly that the condition of the wood shed or barn was just the same as it had always been up to the time of trial, and defendant did not attempt to show otherwise.

*Calvin T. Cotham,* for appellee.

1. The municipal court had jurisdiction. Act No. 2, Acts 1917 § 9. Trespass and malicious mischief are both misdemeanors. Cr. Code, §§ 10, 11. None of the cases cited by appellant are in point. Municipal courts may be vested by the Legislature with jurisdiction, as was done by the act of 1917, concurrent with justices of the peace in criminal matters, misdemeanors. 80 Ark. 145; 86 *Id.* 442; 93 *Id.* 443.

2. Even though the municipal court had no jurisdiction, plaintiff's first instruction should not have been given. 92 Ark. 128.

3. The instructions asked by plaintiff were properly refused. They went too far and were in objectionable form. Instructions 4 and 5 given were the law and

all the law he was entitled to.　32 Ark. 166; 63 *Id.* 387. The fourth instruction given by the court is the law and clearly right.　94 Ark. 433; 18 R. C. L. 40; 127 S. W. 708.

4.　The suit was groundless, frivolous and unwarranted, and the judgment should be affirmed.

SMITH, J.　Appellant brought this suit to recover damages for an alleged false imprisonment and malicious prosecution.　There was a trial before a jury, and a verdict and judgment for the defendant, from which is this appeal.

Appellant was arrested upon a warrant issued by V. S. Ledgerwood, judge of the municipal court of the city of Hot Springs, charging him with the offense of malicious mischief, and upon a trial of that charge the cause was dismissed.　Appellant brought this suit, and offered testimony tending to show that the prosecution was instituted by appellee without probable cause, and was malicious, and was begun for the purpose of ejecting appellant from the house which he was occupying as a tenant of appellee.　On the other hand, appellee offered testimony to the effect that appellant had failed and refused to pay rent, and had given a worthless check in payment of rent, and that appellant had used, and was using, the walls of a barn on the premises for fuel.

It is contended that the court erred in refusing to give an instruction to the effect that the municipal court had no jurisdiction of the offense charged in the warrant of arrest.　This instruction was properly refused.　The act of the General Assembly creating the municipal court gave it jurisdiction, "exclusive of the justices of the peace in townships subject to this act, and concurrent with the circuit court, over all misdemeanors committed in violation of the laws of the State, within the limits of the county."　A similar statute was upheld in the case of the *State ex rel. Moose* v. *Woodruff,* 120 Ark. 406.　The offense charged was a misdemeanor, and the court had jurisdiction to try it.　The trial involved no determination of title to, or lien on, land, nor order of court involv-

ing its possession. No other question was presented there except the inquiry, whether appellant had been guilty of violating the criminal laws of the State.

Appellant requested an instruction to the effect that the verdict of not guilty of the criminal charge made a *prima facie* case of liability, and cast upon the appellee the burden of showing matter of justification. The court refused that prayer for instruction, and charged the jury that "the mere fact that the defendant was found not guilty, or the prosecution against him dismissed, does not prove want of probable cause or malice, but these facts may be considered along with all the facts and circumstances in the case."

We think no error was committed in refusing the instruction requested and in giving the one set out above. In 18 R. C. L. 40, it is said: "Accordingly, the great weight of authority and reason is that the mere fact of the acquittal of a defendant upon the trial of a criminal charge is not *prima facie* evidence of the want of probable cause for the prosecution. The evidence of acquittal is admissible, of course, in showing that the prosecution has terminated favorably to the accused, but it is generally held that its consideration should be limited to that purpose."

The reason of the rule is there stated to be that, "The defendant is entitled to an acquittal and discharge if, upon the whole evidence, both of the prosecution and defense, there remains a reasonable doubt of his guilt, although it may appear that there was not only probable cause for the prosecution, but a strong probability of his guilt. And it would tend very much to discourage honest efforts to enforce the criminal laws if every person who instituted a prosecution in which the defendant was subsequently acquitted should for that reason be presumed to have acted without probable cause, and liable in damages for malicious prosecution. The result of a trial often depends upon many contingencies which could not have been anticipated, and a prosecution may turn out to be entirely groundless, although the facts and cir-

cumstances known to or ascertainable by the prosecutor at the time it was instituted seemed to point unerringly to the defendant's guilt."

Counsel for appellant complains of the action of the court in refusing to give certain other requested instructions. But, as the instructions are not set out in the brief, the presumption must be indulged that the instructions which were given fully declared the law of the case.

It is finally insisted that the judgment should be reversed as contrary to all the evidence entitled to belief. But the credibility of the witnesses was a question for the jury; and when the testimony tending to support the verdict is given its highest probative value, we are unable to say, as a matter of law, that appellee did not have probable cause to believe that appellant had committed the offense charged.

No error appearing, the judgment is affirmed.