## LOOSE-WILES BISCUIT CO. *v.* JOLLY.

### Opinion delivered March 13, 1922.

1. PLEADING—NEGATIVE PREGNANT.—Where a complaint alleged that defendant was a corporation organized under the laws of Missouri, and the answer denied that defendant was a corporation organized and doing business under the laws of Missouri, the effect of this denial is not to deny that defendant is a foreign corporation, but to deny that it is organized and doing business under the laws of Missouri, and plaintiff was not called on to prove that defendant was a foreign corporation.

2. EVIDENCE—RES GESTAE.—In an action against a master for the acts of a servant in wilfully and wantonly driving an automobile against plaintiff's buggy, overturning it and seriously injuring her, it was competent to prove that the servant, after the injury, suggested that they try to hitch plaintiff's horse up so that she could go to town in her buggy, and that a witness asked the servant to take her to town in the automobile, whereupon the servant answered that he would do so if plaintiff would clean up a little and would wash her baby's face; such testimony tending to prove a conscious indifference on the servant's part to the consequences of his acts.

3. PLEADING—SUFFICIENCY.—Where a complaint alleges facts which, if proved, would show that the acts complained of were negligent or wrongful, it is unnecessary for the pleader to so designate them.

4. ELECTION—WHEN NOT REQUIRED.—Where the circumstances of an injury were such as to leave it in doubt whether the injury resulted from wantonness or from mere negligence, the plaintiff would not be required to seek redress on one theory alone, but was entitled to have a single jury pass upon the inferences to be drawn from the circumstances of the injury.

Appeal from Crawford Circuit Court, *James Cochran,* Judge; affirmed.

*Cravens, Oglesby & Cravens,* for appellant.

There is no allegation of negligence in the complaint, and the action is simply one for punitive damages, and appellant's demurrer should have been sustained. 135 Ark. 621; 98 Ark. 261; 70 Ark. 226; 58 Ark. 407.

A verdict should have been instructed for appellant, as there is no evidence that the injuries were inflicted

wilfully and wantonly and maliciously. The action is not grounded on negligence but wantonness, wilfulness and malice. Shearman & Red. Neg. 5th Ed. vol. 1, par. 7; 20 N. E. 147; 94 Ind. 46; 49 N. E. 445; 88 Ill. 431; 106 Am. St. Rep. 199; 19 So. 395. See also 9 So. 509; 79 Ala. 436; 23 So. 231; 13 So. 130; 39 S. E. 351; 42 S. E. 427.

Wilfulness does not consist in negligence, and the two terms are incompatible. 23 L. R. A. 552.

Plaintiff failed to prove appellant's corporate existence after having alleged same, which is fatal. 28 Ark. 261, and cases cited.

Instructions 1 and 2 upon the question of negligence are not based upon any allegation in the complaint, and were erroneous. 9 So. 509; 39 S. E. 351. Instruction No. 7 covering compensatory damages was error. Cases cited above.

*George G. Stockard,* for appellee.

The form of denial of the corporate existence of appellant was ambiguous, and has been frequently condemned both at common law and under the Code. 77 Ark. 139; 54 Ark. 546; 58 Ark. 39; 84 Ark. 409; 77 Ark. 66. The return on the summons, standing unchallenged, is an admission that defendant is a foreign corporation. If failure to prove corporate existence was error, it was harmless.

Even though the complaint was unskillfully drawn, if it alleged facts which, if proved, would show that the acts complained of were negligent or wrongful, it is unnecessary for the pleader to so designate them. 58 Ark. 136; 136 Ark. 456; 93 Ark. 393; 20 Stand. Proc. 308, 323; 74 Ark. 93.

The facts of this case, under 84 Ark. 241, would have justified a finding for both compensatory and punitive damages, although there is nothing in the verdict to indicate that the jury awarded punitive damages.

Smith, J. The complaint in this cause contained allegations to the following effect: That the defendant is a

corporation organized and doing business under the laws of the State of Missouri; that on January 4, 1921, plaintiff was driving a single horse, in a one-seated buggy, accompanied by her two infant children; that she was driving along the public road and across a certain bridge, when one of defendant's servants and agents drove up behind her, in one of the company's automobiles, on the company's business, at a high and dangerous rate of speed; that when she became aware of the approach of the car she drove off the bridge and quickly guided her horse to the right hand side of the road, thereby making and leaving ample room for the automobile to pass without striking her buggy; that the road was perfectly straight, and the situation was apparent to defendant's servant and agent who was driving the automobile, yet said servant and agent wilfully and wantonly drove the automobile into the rear end of her buggy, thereby overturning the buggy and throwing the buggy over a high embankment and plaintiff to the ground, and the automobile thereafter ran over the plaintiff and inflicted serious injuries on her, and as she was pregnant at the time she sustained a permanent injury. There was an allegation that the horse was injured, and that "the buggy in which plaintiff was driving was damaged by reason of defendant's carelessness and negligence in the sum of $30." Mrs. Jolly, the woman injured, and her husband joined as plaintiffs; and there was a prayer for damages, both compensatory and punitive.

The answer denied "that the defendant is a corporation organized and doing business under the laws of the State of Missouri," and further denied each and every allegation of the complaint, and alleged the fact to be that, as the automobile approached the buggy, Mrs. Jolly indicated that she would give the automobile space to pass, but, without warning, she suddenly and carelessly stopped her horse and backed her buggy a slight distance so that the collision became inevitable, although

the automobile was not being driven at the time at a higher rate of speed than about five miles per hour.

Mrs. Jolly gave testimony which fully supported the allegations of the complaint; and Varnadore, the driver of the automobile, gave testimony which supported the allegations of the answer. One Mitchell, a bystander, gave testimony supporting Mrs. Jolly's version of the incident. Mitchell further testified that, after overturning the buggy and running over Mrs. Jolly with his car, Varnadore was proceeding on his way without stopping, when witness compelled him to stop and return to the assistance of the woman who had been injured.

The case was submitted on instructions which authorized a verdict for the plaintiffs upon a finding either of negligence or of wilfulness upon the part of the chauffeur. Objections were made to these instructions upon the ground that the complaint did not charge negligence, but had only charged wilfulness; and the insistence is that the right of recovery should have been limited to that allegation.

Error is assigned in the refusal of the court to give certain instructions requested by the defendant, which are set out in the brief. But, inasmuch as all the instructions are not set out, we must assume that the points raised in the instructions which were refused were covered in the instructions which were given.

Exceptions were saved to the admission of the evidence of Mitchell and a Mrs. McCurdy, to the effect that after the injury Varnadore first suggested that they try to hitch the horse up so that Mrs. Jolly could go to town in her buggy, when Mitchell asked Varnadore to take her on to town in the automobile, and Varnadore answered that he would do so if Mrs. Jolly would clean up a little and would wash the baby's face.

There was a verdict and judgment for $1,100 in favor of the plaintiffs, from which is this appeal.

It is first insisted that the plaintiff failed to prove that the defendant was a foreign corporation. It will be

observed that the answer denies that defendant is a "corporation organized and doing business under the laws of the State of Missouri." The effect of this allegation is not to deny that defendant is a corporation, but to deny that it is organized and doing business under the laws of the State of Missouri. 21 R. C. L. 560; 1917-A Ann. Cas. 672; *M. K. & T. Ry. Co.* v. *Elliott*, 51 S. W. 1067; *C. R. I. & P. Ry. Co.* v. *State*, 84 Ark. 409; *St. L., I. M. & So. Ry. Co.* v. *Cooper & Ross*, 120 Ark. 595; 1 Sutherland, Code Pleading, § 417. It was immaterial in what State defendant was organized. It was sued as a foreign corporation and served as such, and no motion was made to quash the service. The court did not err, therefore, in refusing to direct a verdict for the defendant on that ground.

No error was committed in admitting the testimony of Mitchell and Mrs. McCurdy as to statements made by the chauffeur, Varnadore, after the collision. The allegations of the complaint are that the driver of the automobile ran into the buggy wantonly and wilfully. The testimony objected to tended to show a conscious indifference on the part of Varnadore, and, if not a part of the *res gestae,* the statement tended to show the mental attitude of Varnadore toward the consequences of his acts.

The chief insistence for the reversal of the judgment is that the court erred in refusing to limit the plaintiff's right of recovery to the allegation that the collision resulted from the wilful and wanton act of the driver of the automobile. But we think no error was committed in submitting the question of negligence, as well as that of wilfulness, to the jury. In our opinion, the testimony is legally sufficient to support a recovery upon either theory.

It is conceded that the complaint charges wilfulness and wantonness; but it is insisted that it does not charge negligence. We do not agree with counsel in this contention. It is true that, in the court in which damages

are prayed for the injury to Mrs. Jolly herself, defendant was not specifically charged with negligence, but it was not essential that the chauffeur's conduct should have been so designated. If the allegations of the complaint are such as that, if true, they would support a recovery for a negligent injury, then the failure to designate such conduct as negligent is unimportant.

In the case of *Heinemann* v. *Barfield,* 136 Ark. 464, we said: "Where a complaint alleges facts which, if proved, would show that the acts complained of were negligent or wrongful, it is unnecessary for the pleader to so designate them." The allegations of the complaint here are such that a recovery might be had upon a showing either of wantonness or negligence.

Appellant cites cases which hold that a plaintiff should be required to elect between the allegations of wilfulness and of carelessness, and insist, upon the authority of these cases, that error was committed in submitting the case to the jury under instructions which permitted a recovery if the existence of either was established by the testimony. This question was thoroughly considered by the Supreme Court of Wisconsin in the case of *Austin* v. *C., M. & St. P. Ry. Co.,* 143 Wis. 477, 128 N. W. 265, 31 L. R. A. (N. S.) 158. The Code of that State is not substantially different from that of our own, and it was there held that, if the circumstances of an injury were such as to leave it in doubt whether the injury resulted from wantonness or from mere negligence, the plaintiff would not be required to seek redress on one theory alone, but was entitled to have a single jury pass upon the inferences to be drawn from the circumstances of the injury.

The court in that case considered the same sections from Shearman & Redfield on Negligence which are pressed upon us for approval. The court was of the opinion, however, that the liberal provisions of the Code of that State, authorizing and requiring one to state his

whole cause of action in a single suit, led to the view there announced. It was there said: "We do not overlook the fact that it is given in Shearman & Redfield on Negligence that where the facts of a case like this are of doubtful construction, and plaintiff, by not understanding his case, has predicated it on the wrong theory of actionable misconduct, he may amend and stand on the right one, keeping in mind that the final choice will necessarily be binding so as to waive any other cause of action. If the writer intended by that to say that the party, when the facts of his case are susceptible of a double construction, cannot, under any circumstances, have it submitted to the jury to draw the proper inference, he confuses the matter with those situations where the doctrine of election, strictly so-called, applies, and the courts cited do not bear out the text, as has been seen."

See also Thompson on Negligence, § 1858; *Gorton* v. *Harmon,* 116 N. W. 443; *Neary* v. *N. P. R. Co.,* 110 Pac. 226.

Our own case of *St. L., I M. & So. Ry. Co.* v. *Stamps,* 84 Ark. 244, is against the view that an action for a wilful injury cannot be joined with one for a negligent injury. The pleadings in that case are not set out in the opinion, but it is fairly inferable from the discussion that both negligence and wilfulness were alleged in the complaint in that case; and the same thing is true of the case of *Heinemann* v. *Barfield, supra.*

No error appearing, the judgment is affirmed.