## F. KIECH MANUFACTURING COMPANY v. JAMES.

### Opinion delivered April 28, 1924.

1. APPEAL AND ERROR—REFUSAL OF INSTRUCTIONS—PRESUMPTION.—Where appellant fails to set out all of the instructions given by the court, it will be presumed that, in so far as refused instructions correctly declared the law, they were covered by other instructions given.

2. TRIAL—SPECIFIC OBJECTION TO INSTRUCTION.—In a personal injury action, where defendant pleaded a release signed by defendant as a defense, specific objection should have been made to an instruction which assumed that the doctor upon whose representations plaintiff claimed to have relied was defendant's employee, if such question should have been submitted to the jury.

3. APPEAL AND ERROR—PRESUMPTION WHERE INSTRUCTIONS NOT SET OUT.—Where none of appellee's requested instructions except one complained of by appellant were set out in appellant's abstract, the presumption arises that correct instructions were given correcting the defect if it was curable.

4. RELEASE—WHEN NOT BINDING.—Where plaintiff, injured in defendant's employment, signed a release relying upon a mistaken opinion of the defendant's doctor that his injury was not permanent, he was not bound thereby, notwithstanding the release recites that he acted on his own judgment, and that no representations were made upon which he relied.

Appeal from Craighead Circuit Court, Jonesboro District; *W. W. Bandy*, Judge; affirmed.

*Cooley & Adams* and *Hughes & Hughes*, for appellant.

The release was a contract between the parties, and must be tested by the principles of law which govern the reformation or rescission of other contracts. Where cancellation is sought on the ground of. mistake of fact, it must appear that it was a. mutual mistake. 1 Black on Rescission and Cancellation, § 128, pp. 362-3; 2 Black p. 975. While this court is committed to the rule that an innocent misrepresentation of the facts of the releasor's injury, made by the releasee's physician, may be effective to avoid a release induced thereby (87 Ark. 614), it is equally true that, where a releasor relies upon the opinion of his own physician, which proves to be incorrect, there is no grounds for setting aside the release (20 Ann. Cas. p. 750). Citations on the two points are found at 136 Fed. 118; 156 N. W. 251; 34 Cyc. 1059; 23 R. C. L. p. 292; L. R. A. 1916B, p. 784; 110 Ark. 182; 115 Ark. 629; 121 Ark. 433; 128 Ark. 223; 1 Black p. 163; *Id.* p. 238-239. It was a disputed question as to whose agent Dr. McAdams was, and it was error to give appellee's instruction No. 1, which assumed that Dr. McAdams was the agent of the appellant. Appellee is estopped to repudiate his release. 89 Ark. 321; 47 Ark. 335. No representation was made by appellant, and the release declares that the releasee was relying upon his own judgment. This case does not come within the class of cases found at 143 N. Y. 424, where false representations were made.

*J. F. Johnston* and *Gautney & Dudley,* for appellee.

Appellant only made a general objection to instruction No. 1. The same instruction has been approved in 87 Ark. 614; 93 Ark. 589; 139 Ark. 69.

SMITH, J. On March 1, 1922, appellee sustained an injury while working as an employee of the appellant company, at its manufacturing plant in Lake City, Arkansas. On the same day he was taken to Jonesboro and placed in a hospital, and remained there under the care of. Dr. H. H. McAdams until May 7 following, when he was discharged from the hospital by Dr. McAdams.

On May 9, 1922, a settlement was effected between appellant and appellee, pursuant to which appellant paid appellee $1,050 and took the following release:

### "RELEASE.

"May 9, 1922. For the sole consideration of one thousand, fifty and 00/100 dollars to me this day paid, I, for myself, my heirs, executors, administrators and assigns, do hereby release and forever discharge the F. Kiech Manufacturing Company of and from all claims or demands, damages, actions, or causes of action in law or in equity, from any matter, cause or thing whatsoever prior to the date hereof, and on account of personal injuries, and all other loss or damage (including loss or damages to the property of the undersigned) resulting or to result from an accident to myself, L. F. James, which occurred on or about the 1st day of March, 1922.

"To secure the payment of said sum, I hereby represent to the F. Kiech Manufacturing Company that I am twenty-one years of age, and that I rely wholly upon my own judgment, belief and knowledge of the nature, extent and duration of said injuries, disabilities and damage, and that no representations or statements about them have induced me to make this settlement.

"It is understood and agreed the consideration stated herein is contractual and not a mere recital; and all agreements and understandings between the parties are embodied and expressed herein.

"In witness whereof I have hereunto set my hand this ninth day of May, 1922.

"In the presence of: H. H. McAdams, F. M. James."

his

"Lawrence F. x James (Seal).

mark

his

"L. F. x James (Seal).

mark."

Thereafter, notwithstanding said release, appellee instituted this action to recover damages for his injury. Appellant interposed several defenses, and, among

others, the release; and at the trial appellee sought to avoid the effect of the release by showing that, on the day it was given, Dr. McAdams made to appellee certain statements relative to the nature, extent and probable duration of his injuries, which he believed to be true, but which, as it subsequently developed, were erroneous.

Dr. McAdams did not testify as a witness, but a statement of what his evidence would be if present was dictated into the record, which reads as follows:

"It is agreed by counsel for both plaintiff and defendant that Dr. H. H. McAdams, if present, would testify that he attended Lawrence James from the time he was injured until he was discharged from the hospital; that at the time the purported settlement was made he was present and heard the settlement discussed between Lawrence James and Mr. Boydston and Mr. Bird, representing the F. Kiech Manufacturing Company; that he, McAdams, examined Mr. James' injuries at the time, and stated to Mr. James, in the presence and hearing of Mr. Boydston and Mr. Bird, that the injuries were not permanent; that in a short time, in the course of five or six months, he would recover the use of his arm, and could use it as good as he ever did, except there might be a stiffness in the elbow; that, at the time he made this statement, he honestly believed his prognosis was correct, but, since that time, it has become necessary to perform an operation on the arm, and they amputated it, and that he, McAdams, assisted in the amputation. In the opinion of the witness, at the time James signed the release, he was not under the influence of narcotics, and, in the opinion of Dr. McAdams, Mr. James knew and understood what he was doing, and was in full possession of his mental faculties at the time the release was executed."

After appellee was injured, Hysmith, the plant foreman, directed Dr. Roberts to attend the injured man, and Roberts rendered first aid, and carried appellee to the hospital at Jonesboro. Dr. Roberts testified that, at the suggestion of Hysmith, he called Drs. Stroud and

McAdams, physicians and surgeons, practicing their profession as partners at Jonesboro, to meet him at the hospital. That on the way he met C. M. Boydston, the manager of the company, or a Mr. Shauver, an officer of the company (he did not remember which one), who, on learning of the occurrence of the accident, told the witness to "take him on and do the best you can for him." Witness placed appellee in the hospital, and Drs. Stroud and McAdams assumed charge of the case, and witness advised Boydston the action he had taken.

Appellee testified that, while he was in the hospital, he was attended by Drs. Stroud and McAdams, principally the latter; that he did not know who engaged them, and that he was discharged from the hospital by Dr. McAdams on May 7. These physicians continued to treat appellee after he was discharged from the hospital until the 1st of September following, during the first month of which time he came into Jonesboro to their office for treatment every day. These visits were reduced to two a week, and later to one a week, but, as appellee did not get well, as had been anticipated, and continued to suffer, his arm was amputated, the operation being performed by Drs. Stroud and McAdams, assisted by Dr. Roberts.

During appellee's illness the company paid all his expenses and advanced him small sums of money from time to time, and, by the terms of the settlement made between appellee and the company, the company was to pay the sum of $1,050, out of which was to be deducted the expenses paid, and the sum of $219.04 due Drs. Stroud and McAdams, and certain drug bills, and the advances which the company had made in money.

On the day the settlement was made, as appears from Dr. McAdams' statement copied above, appellee was examined by Dr. McAdams, in the presence of representatives of the company. This examination was made for the obvious purpose of forming a basis of a settlement, and appellee was given the assurance of Dr. McAdams that time would restore him, except a stiffness

in the elbow. It does not appear that the charge of this examination was included in the doctors' bill which was to be deducted from the compensation agreed upon.

The jury was told, if there was a finding for the plaintiff, to deduct from the sum found the $1,050 paid, and there was a verdict in appellee's favor for the sum of $3,962.18.

At the trial appellant asked instructions numbered 1, 2 and 9, which are set out in appellant's abstract. The court refused to give any of these instructions, and this action is assigned as error. The other instructions asked by appellant are not set out, and we must therefore presume that, in so far as the requested instructions correctly declared the law, they were covered by other instructions which were given. *Loose-Wiles Biscuit Co.* v. *Jolly*, 152 Ark. 442; *Christian & Taylor* v. *Fancher*, 151 Ark. 102; *Covill* v. *Gerschmay*, 145 Ark. 269; *U. S. Auto Co.* v. *Arkadelphia Milling Co.*, 140 Ark. 73; *Morris* v. *Raymond*, 132 Ark. 449; *Greenville Stone & Gravel Co.* v. *Chaney*, 129 Ark. 95; *Barnett Bros.* v. *Western Assurance Co.*, 126 Ark. 562; *Harrelson* v. *Eureka Springs Electric Co.*, 121 Ark. 269.

The court gave, at the request of appellee and over appellant's objection, an instruction numbered 1, which reads as follows:

"No. 1. As a defense to this action, defendant pleads a release signed by plaintiff as a complete defense. The plaintiff admits the execution of the release offered in evidence, and the same is binding upon him, unless you find, from a preponderance of the evidence, that, at or before the time the consideration was paid for said release and the same was executed, the physician and surgeon employed to attend the plaintiff made an examination of the plaintiff's injuries, and thereupon assured the plaintiff that his injuries were not permanent, but that plaintiff's arm would be in as good condition as it ever was, within the course of four or five months, and that plaintiff, relying upon said statement as being true, executed said release, but that thereafter it

was developed that plaintiff was permanently injured, and that he never would be able to perform labor in his line of employment, and that, at the time of making said statement, defendant's physician and surgeon either knew that the plaintiff was permanently injured, and misrepresented that fact, or was honestly mistaken as to the extent of plaintiff's injury, and misled plaintiff into signing said release, then and in either of said events plaintiff is not bound by said release, and you will so find.''

The giving of this instruction is assigned as error, it being also insisted that it assumed that the doctor upon whose representations appellee claims to have relied was the company's physician, whereas that question should have been submitted to the jury.

However, at the time the instruction was given only a general objection was made; and we think the objection now urged against the instruction, that it assumed a disputed fact, is one which should have been specifically made at the trial. The testimony set out certainly tends to show that Dr. McAdams was in fact acting for appellant, and, if appellant thought there was testimony from which the jury might have found otherwise, and desired that issue submitted to the jury, a specific objection should have been made, calling attention to the assumption of this fact.

Moreover, as none of the instructions requested by appellee, except instruction numbered 1, are set out in the abstract, a presumption arises from the failure so to do that correct instructions were given, curing this defect, if it is curable, and we think it might have been, by an instruction specifically submitting that question to the jury.

The testimony of appellee, corroborated by the statement of Dr. McAdams, is sufficient to support the finding that appellee signed the release under a misapprehension of the extent of his injury, and that this misapprehension was induced by the representations of Dr. McAdams. No attempt was made to prove that any fraud was practiced

upon appellee to induce him to sign the release, and it is admitted that Dr. McAdams acted in good faith in the expression of the opinion that appellee's injury was not of a permanent character.

It is true the release recited that appellee, in signing it, was acting wholly upon his own judgment as to the nature and extent of his injury, and that no representations had been made in regard thereto upon which he relied. But this instrument was prepared by appellant, and all parties concerned knew that appellee had been examined by Dr. McAdams on the day the settlement was made for the sole purpose of ascertaining the nature, extent and probable duration of his injury, and that the purpose of this examination was to ascertain those facts so that the doctor might form an opinion thereon. This examination was made in the presence of representatives of the company, and the conclusion reached, as a result of this examination, was communicated to appellee, and was accepted by him as true, and, on the assumption of its truth, he agreed to accept the sum recited as full compensation for his injury. Had these representations been substantially correct, appellee would have been bound by this release, although it might later have developed that he had settled for too small a sum. But it is now admitted that the doctor was mistaken, and, if he was in fact the company's physician in making the examination and in reporting the result thereof, then appellee was not bound by the release. This is the effect of the holding in the cases of *St. L. I. M. & S. R. Co.* v. *Hambright,* 87 Ark. 614; *St. L. I. M. & S. R. Co.* v. *Reilly,* 110 Ark. 182; *St. L. I. M. & S. R. Co.* v. *Morgan,* 115 Ark. 529; *Griffin* v. *St. L. I. M. & S. R. Co.,* 121 Ark. 433; *C. R. I. & P. Ry. Co.* v. *Smith,* 128 Ark. 223.

No prejudicial error appears, and the judgment is affirmed.