HETHCOX *v.* STEWART.

Opinion delivered November 5, 1928.

*Pinnix & Pinnix,* for appellant.

*Tom Kidd,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant, in the circuit court of Pike County, to recover compensatory damages in the sum of $10,000 and punitive damages in the sum of $5,000 for slander.

It was alleged particularly in the complaint that appellant, A. L. Hethcox, did, on or about the 20th day of November, 1927, in the town of Glenwood, Pike County, in the presence of A. J. Ligon, H. C. Lawless, C. F. Stewart and divers others persons, unlawfully, falsely, and maliciously speak, utter and publish of and concerning the appellee the following false, malicious and defamatory words, in the presence of A. J. Ligon: "That Stewart had stole a yearling or steer, and that he had been trying to catch him for two years, and that he had him this time;" and in the presence of H. C. Lawless: "That Stewart went down in his field and drove one of Brown & Lawless' steers off and made away with it, and that they searched the fields and pasture and had been unable to find the yearling or

steer, and he had been trying to catch him for two years, and had two witnesses that saw him;'' and in the presence of C. F. Stewart and divers other persons: ''That Stewart had butchered one of Brown & Lawless' steers, and three of us saw him, and the thing to do is to settle it, and I will dodge the grand jury. Now, he stole the steer, for three of us saw him.''

The complaint contained allegations and prayer for compensatory damages in the sum of $10,000 and punitive damages in the sum of $5,000.

The appellant answered, and made. general denial, and pleaded the language used by him was privileged.

The cause was submitted upon the pleadings, the testimony, and instructions of the court, which resulted in a verdict and consequent judgment against appellant in favor of appellee for $500, from which is this appeal.

Appellant contends for a reversal of the judgment on the alleged ground that, although the communication was defamatory, the undisputed testimony discloses that the words were not maliciously spoken, but spoken in good faith, touching a matter in which appellant had an interest, or in reference to which he had a duty, and to persons having a corresponding interest or duty, and were therefore qualifiedly privileged.

Of course, if the undisputed testimony reflected these facts, it would have been the duty of the court to direct a verdict for appellant. The record does not, however, disclose, according to the undisputed testimony, that the communications were made to persons having an interest in the matter. There is testimony in the record to the effect that it was made to parties who had no interest in the steer or yearling appellant charged appellee with stealing. We refer to the following excerpts from the testimony of A. J. Ligon and H. C. Lawless:

''A. J. Ligon: Q. State whether or not you heard a conversation in Glenwood, Pike County, Arkansas, on or about November, 1927, made by Mr. A. L. Hethcox

about Mr. Stewart, had stole a yearling or steer, and that he had been trying to catch him for two years, and that he had him this time? A. Yes sir. Q. You heard him make that statement? A. Yes sir. Q. How many people were standing there? A. Several. I don't know how many. Q. State what you saw and heard there? A. I just heard him say that Stewart stole a yearling—somebody stole a yearling, and I asked him who, and he said Mr. Stewart. Q. He said Mr. Stewart had stole a yearling? A. Yes sir."

"H. C. Lawless: Q. I will ask you if, in that conversation, Hethcox stated that Stewart went down in his field and drove one of Brown & Lawless' steers off and made away with it, and that they searched the field and pasture and had been unable to find the yearling or steer, and that he had been trying to catch him for two years, but they had him now, and had two witnesses that saw him? A. Yes sir, something to that effect. Q. Did he make the statement? A. Yes sir."

The record also reflects that appellant told C. F. Stewart that appellee had stolen a steer and butchered it; that three of them saw him, and that if they would give him $40 he would compromise with Brown and skip the grand jury. The record also shows that he stated to J. P. O'Connor that appellant had taken the steer, stole the steer, and drove it direct to his slaughter-pen and butchered it.

None of these witnesses had any interest in the steer, and none of them were connected in any way with the theft.

In view of this testimony, it cannot be said that, under the undisputed evidence, appellant was entitled to an instructed verdict on the theory that what he said to the witnesses at the time and place he spoke the words were qualifiedly privileged communications.

Appellant also contends for a reversal of the judgment because the court submitted the question of

whether the words spoken by appellant to the jury, at the time and place he spoke the words, were qualifiedly privileged communications, under erroneous instructions.

Appellant failed to abstract all the instructions given by the court in the trial of the cause, so this court must presume on appeal that the court submitted the issue involved under correct instructions. *U. S. Auto Co.* v. *Arkadelphia Milling Co.*, 140 Ark. 73, 215 S. W. 641; *Covill* v. *Gerschmay*, 145 Ark. 269, 224 S. W. 609; *Ermon* v. *Thomason*, 149 Ark. 669, 235 S. W. 54.

No error appearing, the judgment is affirmed.