DeSoto Life Insurance Company *v.* Jeffett.

4-8411                                    207 S. W. 2d 743

Opinion delivered February 2, 1948.

E. J. Butler, for appellant.

Dinning & Dinning, for appellee.

MINOR W. MILLWEE, Justice. This is an action by appellee, Dr. W. F. Jeffett, against appellant, DeSoto Life Insurance Co., to recover monthly total disability benefits for the period from October 1, 1946, to April 1, 1947, under a health and accident insurance policy.

Appellee had previously brought suit in the circuit court on a like claim, but for a different period, and obtained judgment against appellant which was affirmed by this court on July 8, 1946, in the case of *DeSoto Life Insurance Company* v. *Jeffett*, 210 Ark. 371, 196 S. W. 2d 243. On the former appeal it was adjudicated that appellee was totally disabled from practicing his profession of dentistry as a result of an accidental injury. There was evidence on the former trial that appellee sustained an injury to the right side of his face from the severe "kick" or recoil of a shotgun he was firing while on a hunting expedition. Medical testimony on the former appeal was to the effect that the accidental injury re-

sulted in paralysis of the seventh facial nerve, a condition known as Bell's palsy. The condition prevented a closing of the right eyelids and concentration of vision at close range caused an excessive secretion of tears and blurring of vision which prevented appellee from performing the substantial duties of his profession.

In support of the allegations of his complaint in the instant case appellee introduced certified copies of the complaint and judgment entered thereon at the former trial. Appellee again gave an account of the nature and results of the injury and testified that he had been unable to do any kind of dental work since he closed his office in August, 1945. Dr. A. W. Cox, an eye specialist who has attended appellee since the date of the accident, repeated his testimony given at the former trial concerning the nature and extent of the injury to appellee and stated that there had been no improvement in his condition since the first trial, and that he was still disabled to perform any of the duties of a dentist. Another specialist who examined appellee three times in 1945 and twice in 1946 corroborated the testimony of Dr. Cox and stated that the disability, in his opinion, would continue indefinitely.

Opposed to this testimony was that of three specialists who had either examined or observed examinations made of appellee on October 25, 1946, and February 3, 1947. They testified that the spastic condition in the right side of appellee's face was not caused by an injury to the seventh cranial nerve or, if so, that the condition had cleared up; that Bell's palsy, or paralysis of the seventh nerve, would cause the side of the face to sag instead of being drawn up as is appellee's; that they did not observe any excessive lachrymation in appellee's eye; that appellee had high blood pressure and that the tenseness in the right side of the face might have been caused by his general nervous condition. Appellee was in essentially the same condition at the time of both examinations. Two of these witnesses were of the opinion that appellee was able to practice all phases of dentistry at

the time of the trial while the other thought he could perform at least a part of such duties.

The issues were submitted to a jury and a verdict returned in favor of appellee for $1,200, the amount for which he sought recovery. The judgment entered on the jury's verdict included the statutory penalty of 12% and attorney's fees.

Appellant's first contention for reversal of the judgment is that the evidence is insufficient to establish total disability of appellee. Appellant argues that the testimony not only shows that appellee was not totally disabled for the six-month period involved in the present action but also that he was not disabled from the injury claimed during the period for which he recovered judgment in the former action. This contention necessitates a consideration of the effect of the former adjudication.

In the case of *Equitable Life Assurance Society* v. *Bagley,* 192 Ark. 749, 94 S. W. 2d 722, it had been determined on a former appeal that appellee, Bagley, was totally disabled within the meaning of the policy on August 19, 1933, and for a time prior to that date. It was held that the finding of fact of total disability on August 19, 1933, on the first trial was conclusive and binding on the second appeal. Chief Justice JOHNSON, speaking for the court, there said:

"Since we are concluded by the former opinion on the question of appellee's total disability on August 19, 1933, the legal query arises, what presumption attends such finding on future circumstances?

"The rule seems to be that, in the absence of proof to the contrary, it must be presumed that appellee was totally disabled on August 20, 1933, and at all times subsequent thereto unless and until it is made to appear affirmatively, by testimony, that appellee has recovered subsequent to the former adjudication. See 10 R. C. L., p. 872, § 15.

"In view of the stated declaration of law it follows that, after appellee introduced in evidence the testimony supporting the former adjudication, the burden shifted to

appellant to establish by a preponderance of the testimony that appellee had recovered from total disability subsequent to the former adjudication . . .''

The rule announced in the Bagley case was approved and followed in *United Fidelity Life Ins. Co.* v. *Dempsey*, 197 Ark. 221, 122 S. W. 2d 170. An instruction embodying these principles was approved in the recent case of *Mutual Benefit Health & Accident Ass'n* v. *Murphy*, 209 Ark. 945, 193 S. W. 2d 305.

The judgment obtained by appellee at the former trial was entered on November 14, 1945. The complaint and judgment rendered at the former trial were admissible in evidence as proof of the existence of disability at that time. When certified copies of these were introduced by appellee, this constituted a conclusive showing of total disability at the time of the rendition of the former judgment and gave rise to a rebuttable presumption that it continued in the future and shifted the burden to the company to go forward and show by a preponderance of the evidence that the condition no longer existed. As stated in the Bagley case: ''It may be that the former adjudication was wrong in principle, and in fact, but nevertheless it is an established precedent and must be treated as such.''

The question, therefore, for the jury's determination was whether appellee had, subsequent to the former adjudication, sufficiently recovered to perform the substantial and material acts necessary to the prosecution of his profession. This question was submitted to the jury upon conflicting medical testimony. When the evidence on this issue is considered in the light most favorable to appellee, we find it substantial and sufficient to support the verdict of the jury.

Appellant also assigns as error the action of the trial court in refusing to give its requested instruction No. 2, which is set out in appellant's brief. It is contended that the refused instruction contains a correct definition of ''total disability'' which does not appear in any of the instructions given. But appellant has not set out any of the instructions given by the trial court and we must

indulge the presumption that the trial court correctly instructed the jury and that the refused instruction, although found to be correct, was covered by others given. *Carpenter* v. *Hammer,* 75 Ark. 347, 87 S. W. 646; *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61, 135 S. W. 822; *Greenville Stone & Gravel Co.* v. *Chaney,* 129 Ark. 95, 195 S. W. 13; *Covill* v. *Gerschmay,* 145 Ark. 269, 224 S. W. 609; *F. Kiech Manufacturing Co.* v. *James,* 164 Ark. 137, 261 S. W. 24; *Hethcox* v. *Stewart,* 178 Ark. 235, 10 S. W. 2d 362. In *Loose-Wiles Biscuit Co.* v. *Jolly,* 152 Ark. 442, 238 S. W. 613, the court said: "Error is assigned in the refusal of the court to give certain instructions requested by the defendant, which are set out in the brief. But, inasmuch as all the instructions are not set out, we must assume that the points raised in the instructions which were refused were covered in the instructions which were given." The reasons supporting this rule are set out in *U. S. Auto Co.* v. *Arkadelphia Milling Co.* 140 Ark. 73, 215 S. W. 641, and will not be repeated here

Finding no error, the judgment is affirmed.